[No. 3,844.]

## T. BEEMAN *v.* WILLIAM E. LOVETT.

PROMISSORY NOTE WITHOUT CONSIDERATION.—If a person delivers to his agent a promissory note, with the place for the name of the payee left blank, with directions to fill up the blank with the name of a bank, and have the note discounted at the bank, and with the money pay another note on which the principal is indebted, and if the agent fills the blank with the name of the person holding such other note, and delivers him the same in payment of the other note, the agent violates his authority, and the note is without consideration and is void in the hands of the payee.

APPEAL from the District Court of the Twentieth Judicial District, County of Monterey.

In June, 1867, the defendant gave his promissory note to Julia Cameron for six hundred dollars, payable one year thereafter. The note was placed in the hands of one McCarthy, as an agent of both parties, for the payment of the interest. In April, 1868, the defendant, intending to leave the State and desiring to provide for the payment of the note, made a second note, with the name of the payee left blank, and handed it to McCarthy, with directions to discount it when the first should become due, at the Bank of California, and take up the first note. The defendant then left the State. Instead of presenting the note at the bank, McCarthy filled up the blank, by inserting the name of Mrs. Cameron as payee, and then delivered both notes to Mrs. Cameron. The second note was assigned to the plaintiff, to enable him to bring this action.

Judgment was rendered for the plaintiff and the defendant appealed.

*William Matthews,* for Appellant.

The instructions of the defendant being violated, the note is of no validity. (*Couch* v. *Meeker,* 2 Conn., 302; *Vallett* v. *Parker,* 6 Wend., 615; 2 Ph. Ev. 674, note 495.)

*T. Beeman, in propria persona,* cited *Calkins* v. *Whistler,* 4 American Repts. 236, and *Douglass* v. *Malting,* id. 238.

By the COURT :

Mrs. Cameron, the payee of the note sued upon, gave no value for it; her assignee, the plaintiff here, holds it for her, and for the mere purpose of instituting this action.

The Court below erred upon the facts found in holding that McCarthy had authority from the defendant to deliver the note to the assignee of the plaintiff in satisfaction of the note of 1867, or for any other purpose.

Judgment reversed and cause remanded.