AUGUST MAGNUSSON *vs.* M. V. LINWELL.

Opinion filed April 20, 1900.

**New Trial—Sufficiency of Evidence.**

Testimony examined, and *held*, that the verdict rests upon substantial evidence, and hence that the trial court properly overruled a motion for a new trial, based solely upon the ground of the insufficiency of the evidence to justify the verdict.

**Review.**

*Held*, further, that the record does not warrant this court in holding that the trial court considered that the evidence preponderated against the verdict returned by the jury.

**Duty of Court Where Evidence Preponderates Against the Verdict.**

Accordingly, *held*, that the question is not presented or decided in this case whether, in a case of a substantial conflict in the testimony, it would be the duty of the District Court to grant a new trial in a case where that court is of the opinion that the evidence preponderates against the verdict, and is intrinsically unjust.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by August Magnusson against M. V. Linwell. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Bosard & Bosard* for appellant.

When an appellate court conscientiously and irresistibly reaches the conclusion that the verdict is against truth and the undoubted weight of evidence, and could only have been reached through passion or prejudice or a failure to exercise a sound and unbiased judgment on the part of the jury, such court should unhesitatingly reverse the ruling of the trial court refusing to vacate such verdict. *Fuller* v. *N. P. Ry. Co.,* 2 N. D. 220, 50 N. W. Rep. 359; *Reynolds* v. *Lambert,* 69 Ill. 495; *Branson* v. *Carothers,* 49 Cal. 374; *Sullivan* v. *Cloud Co.,* 47 Pac. Rep. 165.

B. G. *Skulason,* for respondent.

The rule is well established that a verdict upon conflicting evidence will not be disturbed on appeal. *Moline Plow Co.* v. *Gilbert,* 3 Dak. 239, 15 N. W. Rep. 1; *Finney* v. *N. P. Ry. Co.,* 3 Dak. 270, 16 N. W. Rep. 500; *Edwards* v. *Fargo & S. W. Ry. Co.,* 4 Dak. 549, 33 N. W. Rep. 100; *Pielke* v. *C. M. & St. P. Ry. Co.,* 5 Dak. 444, 41 N. W. Rep. 669; *Taylor* v. *Jones,* 3 N. D. 235, 55 N. W. Rep. 593; *Black* v. *Walker,* 7 N. D. 414, 75 N. W. Rep. 787; *Bishop* v. *C. M. & St. P. Ry. Co.,* 4 Dak. 536, 62 N. W. Rep. 605; *Becker* v. *Duncan,* 8 N. D. 600, 80 N. W. Rep. 762; *Erickson* v. *Sophy,* 10 S. D. 71, 71 N. W. Rep. 758; *Meyer* v. *Davenport Elev. Co.,* 80 N. W. Rep. 189.

WALLIN, J. The plaintiff is seeking by this action to recover damages caused, as plaintiff alleges, by an assault and battery committed by the defendant upon the person of the plaintiff on February 14, 1898. The litigation in the District Court resulted in a verdict for the plaintiff in the sum of $200, for which sum judgment was entered, with costs. Defendant has appealed to this court from such judgment.

An application for a new trial was made to the trial court, and in disposing of the motion that court used the following language: "It is ordered that said motion be, and the same is hereby, denied. The only ground urged in the motion why a new trial should be granted is the alleged insufficiency of the evidence to justify the verdict of the jury. The record discloses that the plaintiff testified positively to the assault, and there is some evidence tending to corroborate his testimony; while the defendant and his witnesses testified to facts tending to show that no assault was committed. There being a substantial conflict in the testimony, I cannot, as a matter of law, see that the verdict of the jury was against the weight of evidence, especially in view of the fact that two of the defendant's witnesses were associated with him in the banking business, and would be apt to color their testimony in his favor. At least, these were matters proper for the jury to consider in determining the weight to be given to their testimony. I therefore deny the motion, without expressing any opinion as to whether or not said verdict was in accordance with a preponderance of the testimony. Twelve men having found in favor of the plaintiff, and there being a substantial conflict in the testimony, and there being sufficient

testimony upon which to base such verdict, I decline to interfere with the action of the jury." We deem the comments of the trial judge upon the evidence in the record to be specially pertinent to a decision of the case in this court, and hence have quoted his observations at length. It will be unnecessary to set out the evidence, inasmuch as we fully agree with the trial judge in concluding that the record shows that the verdict rests upon substantial evidence. The plaintiff testified expressly that an assault and battery was committed upon his person by the defendant, and that the same resulted in bodily injuries of a painful, and perhaps lasting nature. We agree with the trial court also that some testimony was introduced tending to corroborate the evidence of the plaintiff, and this both as to the fact of the assault and battery and as to the injuries resulting therefrom. True it is that the defendant testified that what he did was justifiable, and was not an assault in contemplation of law, but was, on the contrary, only the exercise of lawful force used in turning the defendant out of the plaintiff's bank after the plaintiff unlawfully refused to go out. The version of the affair, as testified to by the defendant, was corroborated by the evidence of certain other witnesses in defendant's behalf; but, as was remarked by the trial court, the jury had a right, in weighing the testimony, to consider the fact that the defendant's witnesses were associated in business with the defendant, and to determine whether such association would tend to color their testimony. Counsel for the defendant, while conceding that the testimony is squarely conflicting upon the principal question of fact in the case, nevertheless strenuously urges that it was, despite such conflict, the duty of the trial judge to grant a new trial upon the sole ground that the evidence preponderates in favor of the defendant. In support of this, counsel cites an array of authority, among wich are the following: *Hawkins* v. *Reichert,* 28 Cal. 539; *Dickey* v. *Davis,* 39 Cal. 569; *Mason* v. *Austin,* 46 Cal. 387. These cases hold, in effect, that, where a motion for a new trial is based upon the insufficiency of the evidence, such motion is addressed to the sound discretion of the trial court, and that where the trial court is satisfied that the verdict is against the weight of the evidence that court should vacate the verdict, and grant a new trial, despite the fact that there may be a conflict in the testimony. These cases also hold that the same discretion is not lodged in the court of review for the reason that such court, unlike the trial court, does not possess the advantage of seeing the witnesses, and observing their demeanor on the stand. But these cases are all predicated upon the assumption that the evidence, in the opinion of the trial court, preponderates against the verdict. Unless the court which saw and heard the witnesses is of that opinion, the cases have no application. This being so, the cases cited would not be applicable in this case, if we should adopt the rule laid down in the cases cited,—and this court has not hitherto adopted it,—unless the trial court was of the opinion that the evidence preponderates against the verdict. We are not prepared to

hold that such was the view of the trial court in the face of the language of the court that he denies the motion "without expressing any opinion as to whether or not said verdict was in accordance with a fair preponderance of the testimony." Moreover, we are inclined to say that, despite the language last quoted, it is apparent from the tenor of the language used, construed as a whole, that the learned trial court is not prepared to hold that the testimony preponderates against the verdict. We are certainly prepared to say that this court, under the settled law of this state, would not be justified, in opposition to the views of the court below, in vacating a verdict in a case where the evidence, though conflicting, is of a substantial character, and such as would, if believed by the jury, warrant them in returning the verdict which was found. See *Taylor* v. *Jones*, 3 N. D. 235, 55 N. W. Rep. 593; *Black* v. *Walker*, 7 N. D. 414, 75 N. W. Rep. 787; *Erickson* v. *Sophy*, 10 S. D. 71, 71 N. W. Rep. 758; *Meyer* v. *Elevator Co.* (S. D.) 80 N. W. Rep. 189. Under the circumstances and facts disclosed by the record, we deem it to be our duty to affirm the order denying the new trial. All the judges concurring.