# A. H. LOWRY v. FERDINAND PIPER.

### (127 N. W. 1046.)

**Appeal and Error — New Trial — Sufficiency of Evidence to Support Verdict.**

1. Where an order overruling a motion for new trial is challenged solely on the grounds of insufficiency of the evidence to justify the verdict and that such verdict is against law, this court, in reviewing same, will only inquire whether there is legal evidence of a substantial character supporting the verdict.

**New Trial — Evidence — Documentary Proof — Conclusiveness.**

2. The fact that one item of evidence is of a documentary nature will not take the case out of the above rule, where such documentary proof is not conclusive, and there is conflicting oral testimony supporting the verdict.

**New Trial — Sufficiency of Evidence — Verdict.**

3. Evidence examined and *held* that there is legal proof of a substantial character supporting the verdict, and hence it was not an abuse of discretion to deny defendant's motion for a new trial.

Opinion filed September 14, 1910.

Appeal from District Court, Cass county; *Charles A. Pollock,* J.

Action by A. H. Lowry against Ferdinand Piper. Appeal from order denying defendant's motion for a new trial.

Affirmed.

*Stambaugh & Fowler,* for appellant.

*Pierce, Tenneson, & Cupler,* for respondent.

FISK, J. Action to recover a balance alleged to be due plaintiff from defendant as commission on the sale of land. Plaintiff was successful in the district court, and defendant appeals from an order overruling his motion for a new trial. The sole grounds of the motion were that the evidence is insufficient to justify the verdict and that such verdict is against law.

Under a well-settled rule when applied to the facts disclosed by the record, we are not warranted in disturbing the order appealed from. There is a square conflict in the testimony over the vital and sole issue of fact as to the actual agreement between the parties governing the amount of such commission. The testimony is amply sufficient to sup-

port plaintiff's contention. This being true, it was not an abuse of discretion to make the order complained of.

Appellant's counsel recognize the general rule that this court, in cases like this, will not ordinarily review the testimony except to the extent of determining whether there is evidence of a substantial character supporting the verdict; but they contend that certain documentary evidence in the form of a letter written by plaintiff to defendant touching the matter of such commission is controlling, and hence the above rule has no application. We do not thus view the matter. Such letter considered in the light of plaintiff's oral testimony is not necessarily inconsistent with plaintiff's version of the contract. On the contrary, it is susceptible of a construction harmonizing therewith. The jury, as well as the trial judge, evidently adopted such construction. Furthermore, the rule contended for by appellant's counsel does not apply to appeals like the case at bar wherein the evidence consists both of oral and documentary proofs. 4 Cyc. Law & Proc. p. 564, and cases cited. Also 3 Cyc. Law & Proc. pp. 377, 378. Counsel for appellant cite Dickey v. Davis, 39 Cal. 569, but we discover nothing therein inconsistent with our views above expressed; nor does it support counsel's contention herein.

In disposing of this appeal we are controlled by the rule announced in Magnusson v. Linwell, 9 N. D. 154, 8 N. W. 746; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988, and other like decisions of this court too numerous to mention.

As before stated, there is legal evidence of a substantial character supporting the verdict, and hence we deem it our clear duty to sustain the action of the trial court. The order denying defendant's motion for a new trial is accordingly affirmed.

All concur, except MORGAN, Ch. J., not participating.