## BEDOW v. TONKIN.

1. When, in a case tried by a jury the evidence is conflicting, this court will not weigh the evidence, or go further than determine therefrom whether or not the party has given sufficient evidence to sustain his verdict, without regard to the evidence given by the other party, except so far as such evidence tends to sustain the case of the successful party.

2. One who has preformed services for another under a special contract may recover for the value of the services rendered, though he may not have fully completed his term of service, subject to the right of the employer to deduct any damages he may have sustained by the breach of the contract on the part of the employe.

(Syllabus by the court. Opinion filed May 28, 1894.)

Appeal from Circuit Court, Spink county. Hon. A. W. CAMPBELL, Judge.

Action to recover balance alleged to be due for wages. Plaintiff had judgment. Defendant appeals.

The facts are stated in the opinion.

*Sterling & Morris*, for appellant.

A verdict against the evidence in a case ought to be set aside by the trial court and if not will be on appeal. Kaemmerer v. Hauser, 29 Ill. App. 576; Butts v. Colton, 6 Dak. 307; Mo. Pac. R. Co. v. Cassity, 24 Pac. 88; Aultman Miller & Co. v. Sheele, 52 N. W. 817.

Contracts for services for agreed time are entire, and full performance must precede the right to recovery. Diefenback v. Clark, 14 N. W. 621; Kopliz v. Powell, 14 N. W. 831; Elliot v. Caldwell, 9 L. R. A. 52; Nelichka

v. Esterly, 29 Minn. 146; Hill v. Balkcom, 5 S. E. 200; Hutchinson v. Wetmore, 2 Cal. 310; Mortmain v. Lafeaux, 6 Martin 654; Angle v. Hanna, 22 Ill. 429; Miller v. Goddard, 34 Me. 102; Galvin v. Prentice, 45 N. Y. 162; Sutherland Damages, Vol. 2, 454.

*N. P. Bromley*, for respondent.

Where there is a substantial conflict in the evidence an appellate court will not disturb the verdict of the jury. Moline Plow Co. v. Gilbert, 3 Dak. 225; French v. Lancaster, 9, N. W. 716.

CORSON, P. J. This was an action originally commenced in a justice court to recover an alleged balance due for wages. The case was appealed to the circuit court, and a verdict and judgment rendered in favor of the plaintiff, from which judgment the defendant appeals to this court. The plaintiff claimed he contracted to work six months, and completed his contract. The defendant insisted that the contract was for eight months, denied plaintiff's right to recover in this action, and claimed damages for breach of the contract on the part of the plaintiff, in leaving his service before the expiration of the eight month's service. The evidence was conflicting as to whether the contract was for six or eight month's service. The plaintiff testified that he only contracted to work for defendant for six months, and that he worked the full time for which he contracted; that defendant agreed to pay $20 per month; and that there was a balance due him of $44. If the jury believed the plaintiff, the evidence was sufficient to support the verdict. In Jeansch v. Lewis, 48 N. W. 128, this court stated the rule applicable to such cases as follows: "Where, in a case tried by a jury, the evidence is conflicting, this court will not weigh the evidence, or go further than determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict, without regard to the evidence given by the other

party except so far as such evidence tends to sustain the plain-tiff's case.''　Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728.

There is in this case, however, an important question aris-ing upon the instructions of the court, to which exceptions were duly taken.　If these instructions are erroneous and material the case must be reversed, as it will be presumed that the jury found their verdict in accordance with the instructions.　The instructions of the court upon the question of the plaintiff's right to recover, assuming that the contract was to work for eight months, are as follows:　''If however, you find the con-tract is as the defendant claims it was, viz: an entire contract for the period of eight months, then a different rule of law would prevail.　In that case he violated the contract on his part, and the law is, under such circumstances, that a person performing services for another can only recover such sum as the services are worth, less the damage he has caused his em-ployer by quitting before the expiration of his term.　If you find he quit before the expiration of his contract without cause, you will then proceed to ascertain the damages Mr. Tonkin has suffered in this case.　He would have a right, under these circumstances, to deduct from the amount which may be due the plaintiff for services or offset against it, any loss of time which he may have sustained in trying to find some one else to work in the place of the person who had quit without cause. He is also entitled to recover or set off the difference between what he was paying him and what he was required to pay any one else to perform like services, or the services the plaintiff was engaged to preform.　You will remember the evidence up-on these propositions, and the claim for damages on the part of the defendant you will consider, if you find the contract was an entire one, and allow him such sum as damages which is directly caused by plaintiff failing to keep the contract on his part; and these items to which I have called your attention are proper items to be considered in determining what the dam-ages are, ＊　＊　＊''

The learned counsel for the appellant contend that the court erred in charging the jury that plaintiff was entitled to recover if they found he contracted to work for the defendant for eight months, and left the service of his employer, without cause, before the expiration of the time; and he insists that the weight of authority is that, under such circumstances, the contract is an entirety, and, without proof of a full compliance with his contract, the plaintiff is not entitled to recover in this action. This is a new question in this state, and, as we have said is an important one. Under the strict doctrine of the earlier cases, the instructions of the court could not be sustained. That doctrine was thus tersely stated by MORTON, J., in Olmstead v. Beale, 19 Pick. 528: "The plaintiff cannot recover on his express contract, because he has not executed it on his part, and the performance is a condition precedent to the payment. He cannot recover on a *quantum meruit* for the labor he has performed, because an express contract always excludes an implied one in relation to the same matter." But the learned circuit court, in his instructions in this case, followed the rule laid down in Britton v. Turner, 6 N. H. 481. A synopsis of Mr. Justice Parker's opinion in that case was given by Mr. Parsons in his work on Contracts, from which we quote a portion: "But if, upon a contract of such a character, a party actually receives useful labor, and thereby derives a benefit and advantage over and above the damage which has resulted from the breach of the contract by the other party, the labor actually done and the value received furnish a new consideration, and the law thereupon raises a promise to pay to the extent of the reasonable worth of the excess. And the rule is the same whether the labor was received and accepted by the assent of the party prior to the breach, and under a contract which, from its nature, the party was to receive the labor, from time to time, until the completion of the whole contract, or whether it was received and accepted by an assent subsequent to the performance of all that was in fact done. In

case such contract is broken, by the fault of the party employed, after part performance has been received the employer is entitled, if he so elect, to put the breach of contract in defense for the purpose of reducing the damages, or showing that nothing is due, and the benefit for which he is liable to be charged in that case is the amount of value which he has received, if any, beyond the amount of damage; and the implied promise which the law will raise is to pay such amount of the stipulated price for the whole labor as remains after deducting what it would cost to procure a completion of the whole service, and also any damage which has been sustained by reason of the nonfulfillment of the contract. If, in such case, it be found that the damages are equal to or greater than the amount of the value of the labor performed, so that the employer, having a right to the performance of the whole contract, has not upon the whole case, received a beneficial service, the plaintiff cannot recover." The American editor of Chitty on Contracts says of this opinion that it is "manifestly just and sensible." 2 Pars. Cont. p. 38. It will thus be seen that the court in Britton v. Turner entirely ignored the old common-law doctrine that the contract was an entire one, and that a party could not recover unless he could show that he had performed his contract, and served the full time for which he had contracted. That case stood alone for many years, with the exception of a recognition of the principles therein enunciated by the supreme court of Vermont in Fenton v. Clark, 11 Vt. 560, and Gilman v. Hale, Id, 510. But the doctrine of that case has, in later years, been received with favor by the courts, and has been followed by the supreme court of Texas, in Hillyard v. Crabtree, 11 Tex. 264; of Iowa, in Pixler v. Nichols, 8 Iowa, 106; of Kansas, in Duncan v. Baker, 21 Kan. 99; of Nebraska, in Parcell v. McComber, (Neb.) 7 N. W. 529. In McClay v. Hedge, 18 Iowa, 66, Judge DILLON, in speaking of this doctrine, says: "This question was settled in this state by the case of Pixler v. Nichols, 8 Iowa, 106, which distinctly recog-

nized, and expressly followed, the case of Britton v. Turner, 6 N. H. 481. That celebrated case has been criticised, doubted, and denied to be sound. It is frequently said to be good equity, but bad law. Yet its principles have been gradually winning their way into professional and judicial favor. It is bottomed on justice, and is right upon principle, however it may be upon the technical and more illiberal rules of the common law, as found in the older cases. With the known and natural disposition of courts and juries to disfavor the cause of him who has broken his contract, and yet seeks a recovery, and with the limitations stated in Pixler v. Nichols, the application of this rule will not be found practically to work injustice to the employer or contracting party who is without fault." Mr. Parsons, in his work on Contracts, thus comments with apparent approval upon the case of Britton v. Turner, and says: "The case of Britton v. Turner, 6. N. H. 481, resists the whole doctrine of the cases, and permits the servant to recover on a *quantum meruit*. His right to recover is carefully guarded in this case by principles which seem to protect the master from all wrong, and to require of him only such payments as is justly due for benefits received and retained, and after all deduction for damages he may have sustained from the breach of the contract. So guarded, it might seem that the principles of this case are better adapted to do adequate justice to both parties, and wrong to neither, than those of the numerous cases which rest upon the somewhat technical rule of the entirety of the contract. It is certain, however, that, since this case was reported, the same question has been again considered in other courts, and decided in conformity with the earlier decisions." The doctrine of the case of Britton v. Turner seems eminently right and just, and commends itself to our favor. Much less injustice is liable to be done under the doctrine of that case than under the more strict and rigid rules formerly prevailing, as laid down in Olmstead v. Beale, *supra,* by which a party who had failed to perform his contract to the letter

was denied all remuneration for the services rendered.    The instructions of the court below are, in our opinion correct, and are fully supported by reason and authority, with one exception. The court omitted a qualification that should have been inserted, namely, that in no case can the party recover more than the compensation stipulated for in the contract.    Parcell v. Mc-Comber, *supra.*    But this omission was not prejudicial in this case, as it is quite apparent from the verdict that the jury found that the contract was for six months, and not eight months, and only allowed the plaintiff the stipulated wages of $20 per month.    The judgment of the circuit court is affirmed.