DAVID A. BLACK *vs.* THOMAS M. WALKER, *et al.*

Opinion filed May 10th, 1898.

**Sufficiency of the Evidence.**

> The verdict for plaintiff in this case cannot be disturbed as not being supported by the evidence, although two witnesses for the defendant testified positively to a state of facts different from what the jury must have found, and their testimony was not directly contradicted, but the testimony of plaintiff tended to establish other facts that could not co-exist with the facts testified to by such witnesses for the defense.

**Government Survey—Location of Corner.**

> Where the contest was over the location of the original corner as established by government survey, and two different points, and only two, were claimed and testified to as being such corner, it was not error for the court to ask the jury whether such corner was at one point or the other, instead of submitting the general question of where such corner was.

Appeal from District Court, Traill County; *Pollock*, J.

Action by David A. Black against Thomas M. Walker and Agnes C. Walker to determine the ownership of land. Judgment for plaintiff, and defendants appeal.

Affirmed.

*W. C. Resser*, for appellants.

*Carmody & Leslie*, for respondent.

BARTHOLOMEW, J. This action was brought to determine whether or not a certain triangular tract of land formed a portion of section 36, township 144, range 50, in Traill County, or a portion of section 35, same township. If the former, it belongs to plaintiff; if the latter, it belongs to defendant Agnes C. Walker. A trial to a jury resulted in a verdict for plaintiff. A motion for a new trial was denied, and judgment rendered on the verdict. There was an alleged irregularity about the motion for a new trial, which appellant seems to fear will prevent a review of the evidence in this court. But respondent makes no such claim. On the contrary, by his course he concedes that the evidence is before us. We need not, therefore, further notice the

irregularity, if any there be, connected with the motion for a new trial. The claims of the respective parties will be more readily comprehended by a diagram:

Sections 36 and 35 are, of course, on the south line of the township. It happens also, in this instance, that they are on the south line of the county; sections 1 and 2 directly south being in Cass County. It is conceded that point A is the original corner between said two sections on their North line, established by government survey. The contention is over the location of the original corner on their south line, both parties conceding that the original corner must govern. Plaintiff, who owns the west half of section 36, claims that the corner is at point C, while defendant Agnes C. Walker, who owns section 35, claims that it is point B. Defendants have occupied and cultivated the land up to line A—B, while plaintiff claims to the line A—C. The distance from B to C is 7¾ rods. The contest is over the triangular tract bounded by those lines.

Some errors are assigned upon the admission of testimony, but the rulings were clearly right, and the points raised involve nothing of general interest. The chief reliance of appellant is

upon the assignment which raises the question of the sufficiency of the evidence to support the verdict. The controlling points in the evidence may be stated very briefly: Several parties testified that they had at different times assisted in measuring the distance along the south side of said section 36, commencing at the southeast corner (about the location of which there is no dispute,) and that the distance to point C was 320 rods, and that the south line of section 35, measuring from point B to west line, was 7¾ rods more than a mile. The original field notes of the government survey were introduced, showing the survey between townships 143 and 144 north, range 50 west, and from which it appears that, commencing at the point where the line between townships 143 and 144 intersects the line between ranges 50 and 49 (which would be the southeast corner of said section 36) the surveyor then ran west "on the true line between sections one and thirty-six" 80 chains (320 rods,) and "drove charred stake, and set post in mound, for corner to sections 1, 2, 35, and 36," and continuing west on line between sections 2 and 34, at the distance of 80 chains further, a like corner was established between sections 2, 3, 34, and 35. It was also shown that the highway which should be on the section line between sections 35 and 36 ran just east of the line A—B, but when it reached the south line of section 36 it turned directly west, and followed the east and west road to point C, and then ran south on the line between sections 1 and 2, but that there was no such offset at the township line in the highways on the section lines east or west. This was the testimony upon which the plaintiff relied. For the defense the appellant Thomas M. Walker testified that when he took possession of section 35, in 1880, the corner stakes were standing, and clearly visible, and were at point B; that in breaking up the land he established a straight line by means of intermediate stakes between the original government stakes at the southeast and northeast corners of said section 36, and broke the land, and has since occupied it with his co-defendant only up to the line so established. Another witness for the defense (Mr. Kenyon)

testified that at one time he owned the northeast quarter of said section 2; that he took possession of it in 1878, and at that time the section corner stake at the northeast corner of his land (which would be the southeast corner of defendants' land) was standing; that it remained standing for some years, and was at point B: that the east line of his cultivated land was practically identical with the east line of the defendants' land. The witness also testified that in 1882 he was digging a ditch along there. The stake had at that time been burned away by a prairie fire, but the mound was still there, and to preserve the corner he buried some stones where the mound was, marking one with a cross. Plaintiff admitted that under the instructions of this witness he had uncovered the stones at the point where witness said he had buried them. Appellants insist that, as no witness went upon the stand to contradict either Mr. Walker or Mr. Kenyon, and as they each swore positively that the original corner was at point B, that any finding of a jury to the contrary must be set aside as without support in the testimony. But that is by no means true. The most direct and positive testimony may be completely demolished by circumstancial evidence, or overcome in the minds of a jury or the mind of a court by the establishment of other facts inconsistent therewith. This case is a good illustration. If the jury believed that it was only 320 rods from the southeast corner of section 36 to point C (and a number of witnesses so testify, and no one assumes to contradict it,) and if the jury also believed that the original section corner between said sections 1, 2, 35, and 36, was located 320 rods west from the southeast corner of 36 (and the original field notes so declare, and no one assumed to dispute the recital,) then the jury were bound to believe that the original stake had been moved after the corner was established (the survey was made more than 10 years before either witness claimed to have seen the stake,) or that the witnesses mistook something else for the original stake and mound. The two states of facts could not co-exist. There was

N. D. R.—27.

strong evidence of the existence of each.   It was the province of the jury to say which did in fact exist, and their finding cannot be disturbed.

The court submitted two questions to the jury:  (1)  Was the original corner stake at point B?  (2) Was the original corner stake at point C?   Error is assigned in thus limiting the jury to those two points.   It is urged that the jury should have been permitted to say where the original stake was.   But it was not claimed by any one that it was at any point other than B or C.   True, there was a slight discrepancy as to the exact location of point C, but it was too slight for the law's notice.   Had the jury found that the corner was at a point other than B. or C, their finding could not have stood.

The judgment of the District Court is affirmed.   All concur.
(75 N. W. Rep. 787.)