## William H. Becker *vs.* William A. Duncan.

Opinion filed October 18, 1899.

**Appeal and Error—Review of Denial of New Trial.**

> An order denying a motion for a new trial which is based upon the insufficiency of the evidence to justify the verdict will not be disturbed where it appears that there is substantial conflict in the evidence.

Appeal from District Court, Rolette County; *Morgan,* J.     ffl
Action by William H. Becker against William A. Duncan.  Verdict was for defendant, and from an order denying a new trial plaintiff appeals.

Affirmed.

*McDermont & Mayer,* for appellant.

*John Burke,* for respondent.

YOUNG, J.   Action to recover the value of a certain Diebold safe which was seized by the defendant, as treasurer of Rolette county, for the delinquent personal taxes of the Becker Investment Agency, and as the property of that corporation.  Plaintiff alleges that he was the owner of the safe, and bases his right to recover in this action solely upon that ground.  A general verdict was returned for the defendant.  In addition, the jury found specially upon the question of ownership.  In answer to the question, "Who was the owner of the safe in question in December, 1896, at the time of the treasurer's seizure?" they returned a finding that the Becker Investment Agency was the owner.  This appeal is from an order denying a new trial.  Only one ground of the motion need be considered, and that is the insufficiency of the evidence to justify the verdict.  Plaintiff contends that the uncontradicted testimony shows that he was the owner of the safe when it was taken by the defendant.  We think otherwise, and find in the record evidence of a substantial character supporting the verdict returned.  One of the witnesses for defendant testified that the safe "was originally purchased by Mr. Becker for himself, and was afterwards transferred to the Becker Investment Agency, as a portion of the assets of the agency," and that Becker was paid for it by stock issued to him by that concern. Becker admits that the safe was included for two years in the published list of assets of this corporation, of which he was president, but explains that "it was put in there simply to make a showing," but does not appear to deny that he received stock from the company in payment for the safe.  It was for the jury to determine from this testimony the vital question of ownership.  The principle is well settled that a verdict of a jury will not be set aside as against the evidence when there is a substantial conflict in the evidence. We find that our conclusion on the question of ownership renders all other assignments of error which appear in the record unim-

portant. They are not, therefore, discussed. The order denying a new trial is affirmed. All concur.