## JOHN HEYROCK *vs.* R. K. McKENZIE.

### Opinion filed October 18, 1899.

**New Trial—Newly Discovered Evidence—Review of Ruling—Discretion of Court.**

Applications for new trials, when based upon the insufficiency of the evidence to justify the verdict, or upon newly-discovered evidence, are addressed to the sound judicial discretion of the trial court; and this Court, in such cases, will not disturb the ruling of the court below, unless a case of abuse of discretion is shown.

**No Abuse of Discretion Shown.**

Applying this rule to the case at bar, *held*, after considering the evidence adduced at the trial and the affidavit setting out alleged newly discovered evidence, that the trial court did not abuse its discretion in refusing a new trial of this action.

Appeal from District Court, Pembina County; *Sauter,* J.

Action by John Heyrock against R. K. McKenzie. Verdict was for plaintiff, and from an order denying a new trial defendant appeals.

Affirmed.

*W. R. Garrett* and *Garrett & Gordon* (*Bosard & Bosard,* of counsel), for appellant.

*M. Brynjolfson* (*Cochrane & Corliss,* of counsel), for respondent.

WALLIN, J. It appears by this record that a jury trial was had, and resulted in a verdict for the plaintiff; whereupon the defendant gave notice of intention to move for a new trial upon five grounds, none of which, however, are urged in this Court except the following: First, "newly-discovered evidence material to the party making application, which he could not, with reasonable diligence, have discovered and produced at the trial;" second, "insufficiency of the evidence to justify the verdict." Upon the second ground, the motion was based upon the minutes of the court; the first ground was presented upon affidavits. The motion for a new trial was denied, and defendant has appealed from the order denying the same.

The action is brought to recover an alleged balance of $129.80 due plaintiff for threshing defendant's grain in the year 1891. The only particular specified in which the evidence is claimed to be insufficient to justify the verdict is as follows, namely: "That the verdict herein is for the full amount claimed, whereas the defendant offered a receipt in payment of the account sued upon for forty ($40) dollars, admittedly executed by the plaintiff." The receipt

referred to in this specification was in evidence. Plaintiff admits that he signed the same, and delivered it to an agent of the defendant, one Pratt, upon receipt of $40, and that the amount so paid to him was on account of plaintiff's services in threshing grain for the defendant. The receipt was ignored by the jury. The controversy at the trial over this receipt turned wholly upon the date of its actual execution and delivery. Plaintiff's contention was that the receipt was given in the year 1887 for threshing done by him for defendant in that year, while defendant contended that the document was given in 1891, in which year it apparently bears date, for threshing done in the last-named year, and that the amount named in the receipt was paid to plaintiff that year, through defendant's agent, upon the account in suit. The original receipt is attached to the judgment roll, and is somewhat torn and erased, and the plaintiff claims that the receipt has been altered since he delivered it. The evidence upon this feature is voluminous, and squarely conflicting. The testimony pro and con is direct and positive, as well as indirect and circumstantial, and it is difficult to say which side has the preponderance of the evidence. But, under an established rule of practice, this Court will not ordinarily disturb a verdict upon a question of mere fact, where there is substantial evidence upon which the verdict may rest. This Court has repeatedly applied this rule. See *Taylor* v. *Jones*, 3 N. D. 235, 55 N. W. Rep. 593; *Black* v. *Walker*, 7 N. D. 414, 75 N. W. Rep. 787. See, also, *Bedow* v. *Tonkin*, 5 S. D. 432, 59 N. W. Rep. 222.

The remaining ground of the motion for a new trial is that of newly-discovered evidence. This feature of the motion for a new trial was addressed to the sound judicial discretion of the trial court, and the action of the trial court upon the motion is conclusive upon this court, unless it appears that the discretion vested in the court below has been abused. See *Barrett* v. *Railroad Co.*, 45 N. Y. 628. See, also, Hayne, New T. & App. § 87. The rule is inflexible that a new trial will not be granted upon the ground of newly-discovered evidence unless the evidence so discovered is of such a character as will probably change the result. See *Braithwaite* v. *Aiken*, 2 N. D. 57-62, 49 N. W. Rep. 419. Applications for new trials on this ground are looked upon with distrust and disfavor. Id. See *Baker* v. *Joseph*, 16 Cal. 173; *Arnold* v. *Skaggs*, 35 Cal. 684. The Supreme Court of Minnesota said: "The defeated party is usually apt to think that he could make a stronger case on another trial, and, in order that there may be an end of litigation, new trials should be very cautiously and sparingly granted on the ground of newly-discovered evidence. *Nelson* v. *Carlson*, 54 Minn. 94, 55 N. W. Rep. 821. We call attention to these well-settled principles governing applications for new trials, when made upon the ground of newly-discovered evidence, because we consider them directly in point, as applied to the case at bar.

We have attentively considered the numerous array of affidavits presented by the defendant in support of this feature of his motion,

and also the numerous and equally cogent and convincing affidavits submitted in plaintiff's behalf in opposition thereto. We think no good purpose will be subserved by commenting upon the statements advanced in the affidavits, and, without doing so, we shall simply state our conclusions upon the same with great brevity. We remark, first, however, with respect to important features of the alleged newly-discovered evidence, that the defendant has omitted to show proper diligence in bringing the same forward for use at the trial; and in the case of one document it appears that defendant knew of its existence before the trial, and yet did not prove its loss at the trial, and offer secondary evidence of its contents. In another instance defendant failed to procure the affidavits of certain witnesses whom he desired to call at a new trial, touching the testimony which they could give if sworn. Again, some of the newly-discovered evidence was strictly impeaching evidence. But we desire to say that, if these technical objections to the alleged newly-discovered evidence could be overcome, our views would remain unchanged. We are convinced that the trial court, far from abusing its discretion in the premises, exercised a proper and sound discretion in refusing to grant a new trial of this action. We think that, if all the newly-discovered evidence, so called, should be offered at a retrial of the case, a different result would be highly improbabe. Our conclusion is that the trial court did not err in refusing a new trial. The order appealed from is affirmed. All the judges concurring.

YOUNG, J., having been of counsel, took no part in the above case.

*Fisk,* J., of the First District, sitting by request.