PETER LARSEN, Respondent, v. FRED W. FRIIS, Appellant.

(185 N. W. 363.)

**New trial — all grounds must be presented on motion, or they are waived.**

　　1. Where there is a motion for a new trial, rulings of the trial court which constitute proper grounds for a new trial under the statute must be presented upon such motion; otherwise they will be deemed waived.

**Sales — evidence sustaining verdict for seller.**

　　2. Evidence examined and *held* that the trial court did not err in refusing to grant a new trial on the ground of insufficiency of the evidence.

Opinion filed Nov. 23, 1921.

Appeal from the County Court of Ward County, *Murray,* J.

Defendant appeals from a judgment and from an order denying a motion for judgment notwithstanding the verdict or for a new trial.

Affirmed.

*M. R. Keith* and *John E. Greene,* for appellant.

*H. H. Cooper* and *Thomas B. Murphy,* for respondent.

CHRISTIANSON, J. The complaint in this case is as follows:

"Comes now the above-named plaintiff, and for his cause of action herein complains and alleges:

"I. That on or about the 4th day of September, 1919, plaintiff sold and delivered to defendant in granary on premises belonging to defendant near Kenmare, Ward county, N. D., a quantity of durum wheat for seed purposes, to wit, 54¼ bushels of durum wheat, the same being delivered by plaintiff to defendant at defendant's request.

"II. That said wheat was reasonably worth the sum of $2.66 per bushel, or a total of $144.30; that no part of said sum has been paid although demand was made upon defendant prior to the commencement of this action.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $144.30, and interest from this date, and for his costs and disbursements incurred herein."

The defendant interposed a general denial. The case was tried upon the issues so framed. The jury returned a verdict in favor of the plaintiff. The defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied, and the defendant has appealed to this court from the judgment and from the order denying his motion for judgment non obstante, or for a new trial.

In his brief on this appeal, the appellant says:

"There is but one real point in this appeal. While there are two classes of errors assigned, the real point is the lack of evidence. The first specification of error, as amended, is based on the refusal of the court to grant the defendant's motion to strike out all the evidence on the part of the plaintiff regarding statements made by the witness Hoffein, to the effect that defendant wanted to buy or would buy the 54 bushels of wheat of the plaintiff which were deposited in the defendant's granary. The second specification of error involves the sufficiency of the evidence generally. The motion to strike out the testimony of the plaintiff regarding Hoffein's alleged transaction was made upon the ground that it did not show any agency, or any kind of authority in Hoffein to contract for the purchase of the grain on behalf of the defendant."

A determination of the specifications so alluded to necessitates a consideration of the evidence. The evidence shows that the plaintiff was a tenant of the defendant during the season of 1919, occupying and cultivating certain lands and producing crops of grain thereon. Dur-

ing the threshing season of 1919 the defendant was out of the city, and he wrote to his wife and directed her to get some one to represent the defendant in making a division of the crop on several farms belonging to the defendant, including the lands cultivated by the plaintiff. She engaged one Hoffein to do this, and Hoffein was present at the time and place when plaintiff threshed the grain which he had raised on the land rented from the defendant. The grain was divided at the threshing machine. Plaintiff's share of the grain was hauled to an elevator in Kenmare, and defendant's share was placed in a granary on the premises. Under the terms of the contract the grain was to be divided equally. The last load of wheat threshed, containing some 54¼ bushels of wheat, belonged to the plaintiff under such division. It is undisputed that this load of grain was put into the granary of the defendant and mingled with the share of grain belonging to him instead of being hauled and stored in the elevator by the plaintiff. The plaintiff testified that Hoffein told him to put this load of wheat into defendant's granary because the defendant wanted it for seed, and that the defendant would settle with the plaintiff for such wheat. This statement is corroborated by other witnesses. Hoffein stated that he had no recollection of any such conversation as that testified to by the plaintiff. He (Hoffein) claimed that the last load of wheat was put in the granary because it was necessary to use the grain tank in which the wheat was contained to receive oats which was then being threshed. Plaintiff further testified that about two weeks after the grain was threshed and the wheat placed in defendant's granary he (plaintiff) went in to make settlement with the defendant; that as he was about to enter defendant's office, he met Hoffein coming out; that at that time Hoffein said:

"I just been in and talked with Friis and told him how it was. Now you can go in and settle with him."

Plaintiff further testified:

"Q. Then you went in, did you not? A. I went in.

"Q. And you settled with him? A. Yes, sir.

"Q. And what settlement did you make at that time? A. Well, I showed him a statement, and he said, 'Well, Hoffein just showed me one.' He asked me what the price was, and I told him what the price was then. He asked me if I wanted to sell, and I said, 'No; I ain't going to sell before spring.' 'All right,' Friis said, and that was all that was said.

"Q. And you understood that he would take the grain at the price that he would sell on in the spring? A. Yes, sir; the price that I sold the rest of it.

"Q. And as far as you were concerned that settled the negotiations? A. Yes, sir.

"Q. Well, then Mr. Larsen, when did Fred Friis—Fred Friis never settled with you, did he? A. No, sir.

"Q. Has he paid you yet for that grain? A. No, sir.

"Q. And have you asked him to pay for it? A. Yes; a good many times.

"Q. And what was the next time that you had any conversation with Mr. Friis about this money that he owed you? A. Well it was in January some time; the last part of January or the first part of February. I can't just remember the date.

"Q. That was about three or four months after you sold him the grain? A. Yes; four months, I guess.

"Q. And what happened that time? A. Well I drove by there, and he come out and stopped me and told me that he didn't want that wheat.

"Q. And he told you that he wouldn't pay you for it, I presume? A. Well, he said that he didn't want it; that he had changed his mind, and that he wanted to put in Marquis wheat instead of Macaroni.

"Q. And what did you say? A. I say, 'All right; I can take it out.' "

The plaintiff further testified that at the time this latter conversation was had there was so much snow and manure around the granary that he could not remove his grain. That some six weeks or more later he went up there and found that the grain had all been taken out of the granary. The defendant denied that he had ever purchased or agreed to purchase the wheat from the plaintiff. He also denied that he had ever authorized Hoffein to do so. He admitted, however, that Hoffein had notified him that the wheat had been placed in the granary. He also admitted that he had a conversation with the plaintiff a short time thereafter, regarding this grain, but he denies that the conversation was as testified to by the plaintiff. Defendant testified that he had three different tenants haul grain from the granary to be used for seed on farms belonging to the defendant. He was not present at the time any of the grain was taken. That all he knew as to the quantity of grain removed by them was based upon the information given him by those who hauled the grain out. That according to such information the grain removed

by such persons was about 75 bushels less than defendant's share according to the machine measure. At the close of all the testimony, defendant moved that all evidence relating to the statements made by Hoffein indicating a purchase of the wheat be stricken out, on the ground that there was no evidence tending to establish authority on the part of Hoffein to make any such contract in behalf of the defendant. This motion was denied. The denial of such motion is the first error assigned by defendant on this appeal.

As already stated, defendant moved in the alternative for judgment notwithstanding the verdict, or for a new trial, and this appeal is taken both from the judgment and from the order denying the alternative motion for judgment notwithstanding the verdict or for a new trial. That motion was based upon the following grounds:

"(1) Error in law occurring at the trial and excepted to by the defendant, as follows:

"That the court erred in overruling defendant's motion for a directed verdict made at the close of all the testimony.

"(2) Insufficiency of the evidence to justify the verdict and judgment.

"The particulars in which the evidence is claimed to be insufficient are as follows:

"(a) That there is no evidence in the record of any contract or agreement between the plaintiff and the defendant, whereby the defendant purchased the grain described in the complaint or any portion thereof.

"(b) There is no evidence in the record showing that the witness Hoffein, or any other person acting for or on behalf of the defendant has authority in writing or otherwise to make a contract with the plaintiff to purchase for the defendant the wheat described in the complaint or any portion thereof.

"(c) That the undisputed evidence shows that, if there was any understanding on the part of the plaintiff that the defendant was to purchase the wheat, that understanding was removed, and the plaintiff and defendant agreed that the wheat might be removed from the defendant's granary by the plaintiff, which agreement was made long before the commencement of this action."

In the specifications served with the notice of appeal the defendant, in addition to the above, specified as error the denial of the motion for judgment notwithstanding the verdict or for a new trial. In his brief

on this appeal, the defendant asks that the specifications of error be amended so as to include therein a statement that the trial court erred in overruling defendant's motion to strike out the evidence relating to the statements made by Hoffein indicating that he, as defendant's representative, purchased the wheat in controversy. In other words, it is sought to amend the specifications of error so as to assign a ground for a new trial which was not presented at all to the trial court. This, in our opinion, cannot be done. The ruling on the motion to strike out the evidence, if erroneous, was an error of law occurring at the trial which might properly have been raised and presented on motion for a new trial. § 7660, C. L. 1913. The defendant, however, did not see fit to specify such ruling as error on the motion for a new trial; and by failing to do so the error, if any, was waived and it may not be presented for the first time in this court. State v. Glass, 29 N. D. 620, 151 N. W. 229. See, also, concurring opinion in Cohn v. Wyngarden, ante 344, 184 N. W. 575

The assignment that the trial court erred in denying defendant's motion for a directed verdict is wholly without merit, as the record discloses that no such motion was made.

Did the trial court err in refusing to grant a new trial on the ground of insufficiency of the evidence? We think not. It is undisputed that the plaintiff placed in the granary belonging to the defendant the quantity of wheat in controversy; that the defendant was promptly informed of this fact; that he directed three different persons to take away quantities of the wheat, and that one of these persons took away the last wheat contained in the granary. It is true defendant claims that the aggregate amount taken away by all three persons was less than the quantity of wheat supposed to have been placed there as defendant's share, according to the threshing machine measure. The three tenants who hauled the grain away from the granary were not called as witnesses, and there is no showing how much any of these parties hauled except the testimony of the defendant as to what they informed him they had hauled, or he had directed them to take. It is undisputed, however, that all of the wheat has been taken away. And, so far as the evidence in this case shows, the only wheat that was taken and all the wheat that was taken was taken at the direction of the defendant by his various tenants. Upon this state of facts we are of the opinion that the defendant has established the cause of action alleged in this complaint. In arriving at this

conclusion we do not find it necessary to determine whether there was or was not a contract of purchase. As already indicated, the sole question raised on the motion for a new trial and on this appeal—aside from the one relating to the motion to strike evidence alluded to above—is that the evidence is insufficient to sustain the verdict. There was no motion for a new trial on the ground that the verdict was contrary to law.

It will be noted that the complaint does not allege that there was any agreement to purchase at a stated price. The amount sought to be recovered is the reasonable value of the wheat. The averments of the complaint are precisely those which would be set forth in a complaint where the defendant had converted the property and the plaintiff elected to waive the tort and sue on the promise which the law implies the defendant to have made. See Pomeroy's Code Remedies, §§ 568-573; 4 Cyc. 339-344; 3 Standard Ency. Proc. 215.

"A declaration in assumpsit on waiving a tort need not allege the tort or the waiving thereof." 4 Cyc. 344.

The right of an owner to waive the tort and sue in assumpsit for the value of personal property tortiously taken and converted into money or money's worth is recognized by all the authorities. See 4 Cyc. 332. And in this state the owner may recover where the wrongdoer has not sold or otherwise disposed of the property, but retains it for his own use. Braithwaite v. Akin, 2 N. D. 365, 56 N. W. 133. See, also, 4 Cyc. 334.

The judgment and order appealed from are affirmed.

ROBINSON, BRONSON and BIRDZELL, JJ., concur.

GRACE, C. J., concurs in the result.