STANDARD OIL COMPANY, a Corporation, Plaintiff and Respondent, v. W. E. KENNEDY and Great Northern Railway Company, a Corporation, Defendants.  W. E. KENNEDY, Appellant.

(208 N. W. 555.)

**New trial — motion for, addressed to sound discretion of trial court.**

1. Motions for new trial on the ground of newly discovered evidence are addressed to the sound judicial discretion of the trial court, and the trial court's determination thereon will not be disturbed on appeal, except in cases of abuse of that discretion.

**New trial — discretion of trial court not abused.**

2. Record examined and held, for reasons stated in the opinion, that it does not appear that there was any abuse of discretion on the part of the trial court in denying the motion for a new trial.

Opinion filed April 9, 1926.

Appeal and Error, 4 C. J. § 2817 p. 835 n. 67, 68, 70, 71.  New trial, 29 Cyc. p. 901 n. 59; p. 1009 n. 54.

Appeal from the District Court of Cass County, *Englert,* J.

From an order of the district court denying his motion for a new trial, defendant, W. E. Kennedy, appeals.

Affirmed.

*T. H. McEnroe,* and *Divet, Holt; Frame & Thorp,* for appellant.

The fact that newly discovered evidence, which has a material bearing on some important or controlling issue in a case, is also cumulative and incidentally tends to impeach or deny the correctness of testimony given on behalf of the adverse party, does not necessarily preclude the trial court from granting a new trial on the ground of such newly discovered evidence.  Keystone Gr. Co. v. Johnson, 38 N. D. 562; 29 Cyc. 920; 1 Hayne, New Tr. & App. Rev. ed. §§ 90, 91; Melmsted v. Teleph. Co. 29 N. D. 21; Wagoner v. Bodell, 37 N. D. 597.

The appellate court is more reluctant to interfere in a case where a new trial has been granted than where it has been denied.  Aylmer v. Adams, 30 N. D. 514.

Note.—(1) New trial for newly discovered evidence discretionary, 20 R. C. L. 290; 3 R. C. L. Supp. 1051; 4 R. C. L. Supp. 1351; 5 R. C. L. Supp. 1096; 6 R. C. L. Supp. 1202.

*Conmy, Young & Burnett,* for respondent.

As a general rule, a new trial will not be granted on account of the discovery of facts and circumstances merely cumulative in their character. Again, it has been said that cumulative evidence, to be a ground for new trial, must be sufficient to render clear and positive that which was before equivocal and uncertain, or that it must be such as to render a doubtful case clear. And in still other cases it is said that cumulative evidence is a ground for new trial when the point was left doubtful by the testimony, and the newly discovered testimony will remove all doubt. 20 R. C. L. pp. 295, 296; L.R.A.1916C, 1188.

A general assertion by counsel that he had used due diligence is not sufficient to justify the granting of a new trial because of newly discovered evidence. McGregor v. Gt. N. R. Co. 31 N. D. 471, 154 N. W. 261.

NUESSLE, J. This action was brought by the plaintiff against the defendants, W. E. Kennedy and the Great Northern Railway Company, to recover damages arising from a fire claimed to have been negligently set by the defendants. The cause came to trial. A jury was impaneled and evidence was offered by the respective parties. At the close of the testimony motions for directed verdicts were made by all of the parties. Whereupon, the court dismissed the jury, found the defendant railway company not liable, and ordered judgment for the plaintiff against the defendant W. E. Kennedy. Judgment was entered accordingly and notice of entry thereof served on April 11th, 1924. Thereafter, on September 10th, 1924, the defendant served notice of intention to move for a new trial upon the ground of "newly discovered evidence material to the defendant W. E. Kennedy, which said newly discovered evidence could not with reasonable diligence have been discovered and procured at the trial." The motion for a new trial was denied. This appeal is from the order denying the motion.

The matters of fact material to the decision of this appeal may be stated as follows: The defendant Kennedy was engaged in making repairs to paving in a subway under the defendant railway company's tracks in the city of Fargo. The tracks ran over the street on a wooden trestle. Plaintiff's warehouses were adjacent to the trestle. The defendant Kennedy used tar in making the repairs. The tar was heated

in iron kettles.  A fire was kept under these kettles at night so that the tar might be hot in the morning.  During the night of October 28th, 1923, the fire under the kettles was tended by one of Kennedy's em-  ployees.  The kettles were beneath the trestle and near the wall of the subway.  About midnight the trestle and the tar in and about the kettles were discovered to be on fire.  The blaze spread and burned the plaintiff's warehouse.  This action resulted.  The issue was as to whether the fire which burned the trestle originated from the fire under the kettles.  The trial judge passing on the evidence found that it did. After the trial of the instant case in the district court a suit involving the same facts was tried in the United States Court between the de- fendant, Great Northern Railway Company, and the defendant Ken- nedy.  In that suit Kennedy prevailed.

The motion for new trial was presented on affidavits.  The sole ground urged was newly discovered evidence.  The motion was re- sisted and counter-affidavits were filed.  Granting that the motion was timely and it sufficiently appears that the newly discovered evidence relied upon could not have been obtained upon the former trial by the exercise of reasonable diligence, we are, nevertheless, of the opinion that the order from which the appeal was taken must be affirmed.

Motions for new trial are addressed to the sound judicial discretion of the trial court, and the trial court's determination thereon will not be disturbed except in cases of abuse of that discretion.  Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Kerns, 50 N. D. 927, 198 N. W. 698, and cases cited.  In the instant case the defendant claims that the newly discovered evidence upon which he relies in support of his motion is material and vital on the question of the origin of the fire.  One Morrison was an important witness for the plaintiff in the former trial.  Morrison also testified in the trial of the case between the railway company and defendant Kennedy in the United States court.  In support of his motion defend- ant first tenders a transcript of Morrison's testimony therein as negativ- ing and impeaching his testimony given on the former trial.  We have examined the transcript of the testimony of the witness Morrison and are of the opinion that there is little inconsistency between that and the testimony given by him in the district court.  No more in fact

54 N. Dak.—3.

than might be expected of any inexperienced witness testifying at different times to the same state of facts. Some inconsistency in such case is a mark rather of the truthfulness of the witness than the contrary. Next, the defendant tenders the testimony of one McPhee. This is simply to the effect that shortly before the fire he saw two men on the trestle which later burned. These men seemed to be engaged in doing something. What, he does not purport to know. So far as this evidence is concerned it is speculative only and at most raises merely a conjecture as to whether these men might have set the fire. That is all that is claimed for it. Lastly, the defendant tenders the testimony of one McBain to the effect that he saw the fire almost at its inception; that when he saw it the trestle was burning and the tar in and about the kettles was not. However, it further appears that this witness at the time when he saw the fire was distant several hundred feet therefrom and above the level of the subway. This testimony is almost identical with that of the witness Wagner who testified at the trial as a witness for defendant. It is evidence of the same kind to the same point,—purely cumulative.

In this case the jury was dismissed and the issues of fact were determined by the trial judge. The motion for a new trial was addressed to the same judge. He saw and heard the witnesses who testified at the trial of the cause and he was in a position to know (with him it was not a matter of conjecture) whether the newly discovered evidence would have effected a different result had it been offered at the trial. He decided that it would not and denied the motion. There is no rule that can be applied with mathematical certainty to determine whether a motion for a new trial shall be granted. Each case must be determined according to its particular circumstances. After all, the inquiry on such a motion is as to whether substantial justice has been done. So a new trial will not be ordered on the ground of newly discovered evidence unless such evidence ought to and probably will change the result. If it would not have changed the result had it been offered on the trial it follows that it will not when offered on a new trial. See Braithwaite v. Aiken, supra; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; State v. Cray, 31 N. D. 67, 153 N. W. 425; Hayne, New Tr. & App. § 91.

It does not appear that there was any abuse of discretion on the part

of the trial court in denying the motion. The order from which the appeal was taken must be and is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.