[File No. 6683.]

LEO DE ROCHFORD, George Hektner, and H. A. Magnusson, Appellants, v. BISMARCK BAKING COMPANY, a Corporation, Roy P. Logan, Fern Logan, John A. Hoffman, and Blanche Hoffman, Respondents.

(296 N. W. 188.)

Opinion filed January 14, 1941.   Rehearing denied February 18, 1941.

*Murray & Murray* and *George S. Register,* for appellants.

*O'Hare, Cox & Cox,* for respondent.

Swenson, Dist. J.   This is a joint action brought by the plaintiffs against the defendants to recover damages for the breach of an agreement alleged to have been entered into between the plaintiffs and the defendant John A. Hoffman.

The plaintiffs and the defendants, Roy P. Logan and John A. Hoffman, were the principal stockholders of the Western Baking Company, a corporation, which formerly operated a bakery plant at Bismarck, North Dakota.

The transactions which gave rise to this lawsuit arose in connection with the foreclosure of a mortgage and trust deed given by the Western Baking Company to the First Trust Company of St. Paul, which mortgage covered the real estate and personal property owned by the Western Baking Company.   The property included in said mortgage was sold at

a mortgage sale held in the city of Bismarck, North Dakota, on the 4th day of June, 1932. The amount due on said mortgage on the date of sale was approximately $82,000. The mortgagee bid·in the real estate for about $72,000, which left a balance of approximately $10,000, and the defendant, John A. Hoffman, bid in the personal property in his own name for the sum of $10,700. To obtain the money to pay for said bid, Hoffman procured a loan of $10,700 from one Miller, of Minneapolis, Minnesota, and to secure said loan, Hoffman executed a chattel mortgage upon all of the personal property he had purchased at said sale.

About the same time the defendants, John A. Hoffman and Blanche Hoffman, his wife, Roy P. Logan and Fern Logan, his wife, organized a new corporation under the name of Bismarck Baking Company, and Hoffman transferred all of the personal property that he·had purchased at said foreclosure sale to the Bismarck Baking Company.

It is alleged in the amended complaint that prior to the sale of the personal property "under said judgment, the above named plaintiffs and the above named defendants entered into an agreement wherein and whereby the said defendant John A. Hoffman promised and agreed to act as trustee and agent for all of the said stockholders of the said Western Baking Company, a corporation, aforementioned, and he, the said Hoffman, and all of the defendants above named, promised and agreed to and with the plaintiffs, that the said defendants, by and through the said John A. Hoffman, would appear at said judicial sale, under the execution and judgment aforementioned, wherein the First Trust Company of Saint Paul was judgment creditor and the said Western Baking Company, a corporation, was judgment debtor, and then and there promised and agreed to bid in said property for the sum of Ten Thousand Seven Hundred Dollars ($10,700), for the benefit of his said principals, to-wit: all of the said stockholders of the said Western Baking Company, a corporation, aforementioned, and which stockholders included the plaintiffs in this action; and that the said defendants, by and through the said defendant, John A. Hoffman, promised and agreed that if he were successful in bidding in said property for said amount, or approximately said amount, then all of the said stockholders aforementioned, promised and agreed to contribute their pro rata share of the amount of money required to purchase and

bid in said property at said judicial sale. That at said time there had been arrangements made, wherein and whereby a portion or all of the money necessary to purchase said property at said judicial sale, was to be loaned and borrowed and security given upon said personal property to the party making such loan. . . . That the plaintiffs were at all times ready, able and willing to perform their part of the aforementioned agreement."

It is further alleged that Hoffman breached said agreement to bid in the property for the benefit of the plaintiffs and other stockholders of the Western Baking Company, and that Hoffman refused to issue the stock to the plaintiffs in the new corporation organized by the defendants. That by reason of the breach of said agreement, and by reason of the refusal of Hoffman to issue stock in the new corporation to the plaintiffs, they were damaged in the sum of $63,000.

The answer, in paragraph V thereof, after denying the existence of any such contract as claimed by the plaintiffs, alleges: "that there was no consideration given or paid by any of the plaintiffs herein to the defendants herein for said alleged contract, nor did the plaintiffs nor any of them at any time tender or offer or maintain a tender or offer to the defendants or any defendant of any consideration or value of any nature or kind." The answer sets up other defenses, not necessary to consider.

The case was tried to a jury and verdict returned in favor of the defendants. Plaintiffs moved for a new trial, and the motion being denied, appealed from the order denying the motion.

The motion for a new trial sets forth several specifications of error, and on this appeal appellants urge two propositions: First, error in instructions; second, insufficiency of the evidence to justify the verdict.

The real issues were what agreement did Hoffman make with the plaintiffs; and if any were made, was it so executed that a consideration was unnecessary?

Appellants say: "The theory of Plaintiffs' cause of action is for the recovery of a breach of an agency contract by the agent, which agency contract the agent Hoffman had entered into performance thereof and partly performed the same and by virtue of such agency contract, he . . . reaped rich benefits for" the defendants.

Counsel for appellants strenuously contends that the giving of the

following instructions by the trial court was error: "It is for the Jury to find whether or not there was the contract and agreement as contended by plaintiffs and whether or not there was sufficient consideration therefor. If the Jury find there was no consent of defendants, or any of defendants' to the contract alleged by plaintiff, or no sufficient consideration for such alleged agreement, then they would return a verdict for defendants and against the plaintiffs."

It is contended by appellants that the only issue in the case was plaintiffs' right to recover upon a breach of a contract of agency, and that where one gratuitously agrees to act for another, and enters upon performance of the undertaking, he must complete performance even though there is a lack of consideration, and that inasmuch as a contract of agency was the only issue, the court erred in submitting to the jury the question of consideration.

It is clear from the issues as framed by the pleadings the question of a consideration and the necessity therefor were involved. The portion of the instructions of the trial court referring to consideration and the sufficiency thereof is not the entire instruction of the court dealing with the subject. The trial court went into the question of the nature of a contract, and the elements necessary to create a contract. After giving the general instructions with reference to a contract and the part thereof played by a consideration, the court specifically instructed the jury with reference to the validity of an executed contract even if no consideration were present, saying: "Now you are instructed, Members of the Jury, that an executed contract is a contract which has been fully performed since it was made, or which was performed at the time it was made, so that nothing remains to be done on either side, and an executory contract is one, which is wholly unperformed, or in which there remains something to be done on both sides, or on one side. An executory agreement to act as agent for another is ordinarily not binding on either party unless it is based on sufficient consideration. Where, however, one who gratuitously promises to act for another enters upon performance of the undertaking, he is bound to complete performance according to his promise, notwithstanding the lack of consideration; and if the promise has been executed in pursuance of the authority conferred, it is immaterial whether or not there was any consideration for the agent's undertaking, since the rule making consideration an essential

element of a simple contract does not apply to executed agreements."

Appellants say that owing to the fact the defendants, throughout the entire trial, "contended strenuously that said agency contract was void in that there was no consideration supporting same," the jury would be misled by the instruction of the court stating generally that ordinarily an agreement, in order to be enforced as a contract, must have a consideration; and, therefore, in effect the court instructed, "if they, the jury, found no sufficient consideration for such agency agreement, then they should return a verdict for the defendants." But this is a mere deduction by appellants.

The court gave to the jury plain, simple, direct and comprehensive instructions that it was not necessary for the plaintiffs to prove a consideration for any agreement on the part of John Hoffman to do as the plaintiffs alleged that he agreed to do when he had performed the agreement so that there was nothing remaining to be done on either side, and that where one gratuitously promises to act for another, he is bound to complete the performance according to his promise, even though there was a lack of consideration; and further, that if he did complete the work and executed in pursuance of his authority, then it is immaterial whether there was any consideration. This certainly was favorable to appellants.

The case of appellants is based upon the allegation that John Hoffman entered into an agreement with them to do certain things and that these things were accomplished, but that by fraud he deprived them of their interest and right in the result, and the other defendants reaped the benefit of the fraud. Clearly, the plaintiffs allege the execution of an agreement, and the court instructed the jury that if the facts be as the plaintiffs allege, no consideration need be proved, and thus ruled against the defendants on that point.

In amplification of their argument that the instructions were erroneous, appellants claim that the court injected the theory of trusteeship into the case, alleging that in effect the court instructed the jury "that in order for the plaintiff to recover . . . they not only would have to show agency, but also trusteeship," by charging: "The plaintiff alleges and claims and has the burden of proof to show that relationship of principal and agent and of the trust relation growing out of the

relationship existed as claimed by plaintiff by a fair preponderance of the evidence. The defendant denies that John Hoffman acted in the capacity of an agent, but claims that he acted for himself, and that no trust relationship existed. You are instructed, Members of the Jury, that a voluntary trust is an obligation arising out of personal confidence reposed in and voluntarily accepted by one for the benefit of another.. The person whose confidence creates a trust is called the trustor; the person in whom the confidence is reposed is called the trustee; and the person for whose benefit the trust is created is called the beneficiary. Everyone who voluntarily assumes the relation of personal confidence with another is deemed a trustee within the meaning of the law, not only as to the person who imposes such confidence, but as to all persons of whose affairs he thus acquires information which was given to such person in the like confidence, or over whose affairs he by such confidence obtains any control. As regards the case at bar, a voluntary trust is created as to the trustor and beneficiaries by any words or acts of the trustor indicating with reasonable certainty," etc.

It is true the court stated, after referring to the fact that the plaintiffs alleged an agreement on the part of John Hoffman to act as agent and trustee, that "the burden is upon the plaintiff to establish the alleged relation of agency and trusteeship by a fair preponderance of the evidence, sufficient to satisfy the judgment and conscience of the Jury of the existence of the relation of agency and trusteeship as alleged and claimed by the plaintiffs."

But the court did not inject the question of trusteeship into the case. The plaintiffs, in paragraph IV of their amended complaint, specifically allege "the said defendant John A. Hoffman promised and agreed to act as trustee and agent for all of the said stockholders," etc. The court, in its instructions, used the terms employed by the plaintiffs in presenting to the jury the issues as framed by the pleadings.

Appellants further contend that the evidence is insufficient to sustain the verdict. The evidence in this case is voluminous and squarely conflicting. The testimony on the part of the plaintiffs relative to the agreement set forth in plaintiffs' amended complaint is positively denied by the defendants. There is, however, very substantial evidence in the case to sustain the verdict. This court has held that an order

denying a motion for a new trial which is based upon the insufficiency of the evidence to justify the verdict, will not be disturbed where it appears that there is substantial conflict in the testimony. Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Becker v. Duncan, 8 N. D. 600, 80 N. W. 762; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Larsen v. Friis, 48 N. D. 507, 185 N. W. 363; Butler v. Ætna Ins. Co. 64 N. D. 764, 256 N. W. 214.

The testimony on the part of the plaintiffs that there was an agreement with Hoffman to act as agent for the stockholders of the Western Baking Company in bidding in the property at the sale, was positively denied on the part of the defendants Hoffman and Logan. Even if it be conceded that the testimony on the part of plaintiffs was true, yet plaintiffs failed entirely to establish and prove one essential element necessary to constitute an agreement of agency. In order to be an agency there must be a principal or principals. Plaintiffs claim that Hoffman was to act as agent for all of the stockholders who were willing to come in and contribute their share in the amount of the bid. All of the stockholders of the Western Baking Company were not present or represented at any of the meetings when plaintiffs contend this agreement was entered into. Plaintiffs in their testimony stated that at these meetings Hoffman said: "I will bid the property in for the benefit of the common stockholders, and in case we purchase the property I will sign it over to a new corporation composed of those common stockholders which wish to come in on this transaction, which have shown their willingness to go in on the purchase of this property and to back up the purchase price."

De Rochford testified that at another meeting Hoffman stated "He was going to buy it in for the benefit of the common stockholders which wanted to back up the purchase price." When De Rochford was asked by his attorney what he meant by "backing up the purchase price," he replied: "Furnish the money in case we were fortunate enough to buy this property back at the Sheriff's sale." While it is claimed by the plaintiffs that Hoffman was to act as agent for the common stockholders of the Western Baking Company to buy this property at the sheriff's sale, there is not a scintilla of testimony by the plaintiffs or anyone else that there was any promise on the part of the plaintiffs or of any stockholder to reimburse Hoffman for the amount required to be paid

at the sale. There was no promise, either oral or written, by any of the plaintiffs, or any of the stockholders, of such a nature that Hoffman could have compelled them to contribute their share of the money expended for the bid. It was entirely optional with the plaintiffs and the other stockholders whether or not they would pay their share of the money to purchase the property at the sale, and take stock in the new corporation. The plaintiffs never paid nor offered to pay their share of the purchase price, nor bound themselves by any obligation to pay their part of the same. Under this state of facts there was no valid agreement between the plaintiffs and Hoffman for the employment of Hoffman to bid in the property at the sale.

The appellants, in support of their contention that the proof shows a breach of an agency agreement on the part of Hoffman, have cited and rely on the case of Odegard v. Haugland, 40 N. D. 547, 169 N. W. 170. The facts in that case are different from the facts in the case at bar. In the case cited there was an express agreement on the part of Haugland to act as agent for Odegard, who was the sole owner of the property about to be sold. Odegard expressly promised to repay to Haugland within five days the amount he would be required to pay at the sale, and Odegard tendered the amount to Haugland within the five days, and kept the tender good by depositing the money in the bank. In the case at bar there is no promise by any of the plaintiffs or any of the stockholders of the Western Baking Company to repay to Hoffman their share of the amount he would be required to pay in the event he was successful in bidding in the property. It was entirely optional with the plaintiffs and the stockholders of the Western Baking Company as to whether they would contribute their share of the bid and take stock in the new corporation. No offer or tender was made by any of the plaintiffs to repay to Hoffman their share of the amount he bid for the property at the sale. No action was taken by the plaintiffs to assert their rights until nearly six years after the date of the sale. The summons in this case is dated June 1st, 1938. The original complaint was not served until June 30th, 1938, and the cause of action set forth in the original complaint is based upon facts materially different from the facts alleged in the amended complaint.

The order overruling the motion for a new trial is affirmed.

Judge Burke, deeming himself disqualified, did not participate; Judge P. G. Swenson of the First Judicial District sitting in his place.

Burr, Ch. J., and Morris, Christianson, and Nuessle, JJ., concur.