JOHN F. KANABLE, Appellant, v. GREAT NORTHERN RAILWAY COMPANY, Respondent.

(178 N. W. 999.)

**Limitations of actions — amendment in action under Federal Employers' Liability Act properly denied.**

1. Except in actions which are duly prosecuted under the Employers' Liability Acts, and within the time limits of those acts, "an employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business." Comp. Laws, § 6107.

**Appeal and error — no appeal from denial of new trial, unless statement is settled and made a part of the record.**

2. A motion for a new trial must specify the grounds of the motion, and, when it is made on the minutes of the court, the moving party cannot successfully appeal from an order denying the motion, without first causing a statement of the case to be settled and made a part of the record so the appellate court may examine and consider "the minutes of the court."

Opinion filed June 7, 1920. Rehearing denied September 4, 1920.

Appeal from the District Court of Cass County, Honorable *M. J. Englert*, Judge.

From an order denying motion for new trial, defendant appeals.

Affirmed.

*M. A. Hildreth*, for appellant.

There was but one cause of action, and that was for the tort or wrong. Friedrickson v. Renard, 247 U. S. 207–213; Nash v. Myls. St. L. R. Co. (Minn.) 169 N. W. 540; Tudor v. Oregon Short Line R. Co. (Minn.) 155 N. W. 200.

"An amendment to the effect that plaintiff sues as personal representative on the same cause of action under the Federal statute, instead of as sole beneficiary of the deceased under the state statute, is not equivalent to the commencement of a new action, and is not subject to the Statute of Limitations." Union P. R. Co. v. Wyler, 158 U. S. 285, distinguished; Washington R. & Electric Co. v. Scala, 244 U. S. 630; Texas & P. R. Co. v. Cox, 145 U. S. 593.

Plaintiff is not prejudiced because he predicated his cause of action under the Employers Liability Act. Harrill v. Davis, 168 Fed. 187, 27 L.R.A.(N.S.) 1153, and note; Clark v. Heath, 3 L.R.A.(N.S.) 145, and note; See notes under the head of Pleading & Practice in Seaboard Air Line R. Co. v. Horton, and citation authorities in L.R.A.1915C, 79–81; Wabash R. Co. v. Hayes, 234 U. S. 86; Bravis v. C. M. & St. P. R. Co. 217 Fed. 234; Fernette v. Pierre Marquette R. Co. 141 N. W. 1084, 144 N. W. 834; Pelton v. Illinois C. R. Co. 150 N. W. 236; see also extensive note in 47 L.R.A.(N.S.) 79, 80, 81.

*Murphy & Toner*, for respondent.

The specification of errors required to be served with notice of appeal under § 4 of chapter 131 need not be served in cases where reversal is asked upon some ground other than error of law occurring on the trial. Leu v. Montgomery, 31 N. D. 1, 148 N. W. 662; Wilson v. Kryger, 29 N. D. 29, 149 N. W. 721.

Trial court had no jurisdiction to grant new trial upon the application made. A new trial can be granted upon certain statutory grounds only. Comp. Laws, § 7660.

Theory of case below controls in this court, and appellant is estopped to question legality of procedure consented to by him. "He who consents to an act is not wronged by it." Comp. Laws, § 7249.

"Acquiescence in error takes away the right of objecting to it." Comp. Laws § 7250; Lindeberg v. Barton (N. D.) 117 N. W. 616.

"Acquiescence in error takes away the right of objecting to it. And where a party consents to a certain procedure, and stipulates that certain evidence may be admitted, he is estopped from asserting in the appellate court that the procedure was erroneous and the evidence inadmissible." Walton v. Olson (N. D.) 170 N. W. 107; Vannett v. Co. (N. D.) 173 N. W. 466.

Where plaintiff predicates his right of recovery upon a specific law, he cannot recover unless the evidence establishes a state of facts arising under that law. Moliter v. Ry. Co. 168 S. W. 250; Creteau v. Ry. Co. 129 N. W. 855; Lauer v. Ry. Co. 145 Pac. 606; McAdow v. Ry. Co. 164 S. W. 188; L. & N. Ry. Co. v. Strange, 161 S. W. 239; South Covington R. Co. v. Finan, 155 S. W. 742; Anbruster v. Ry. Co. 147 N. W. 337.

Under §§ 7482 and 7483, Comp. Laws, the granting of such an amendment was in the sound discretion of the trial court, and there was no abuse of that discretion under the facts as disclosed by the record. Kurtz v. Paulson, 33 N. D. 400, 157 N. W. 305; Ennis v. Ins. Co. 33 N. D. 20, 156 N. W. 234.

ROBINSON, J. This is an appeal from an order denying a motion for a new trial. This is a personal injury suit to recover $10,000 under the Federal Employers' Liability Act, which is the same as the State Employers' Liability Act. Under either act the action must be commenced within two years.

The complaint avers that in June, 1917, at Fargo, North Dakota, the plaintiff and other employees of the defendant undertook to load a heavy gravestone onto a car of defendant; that the stone was to be shipped from Fargo to some point in Montana, and in loading the stone the defendant, by its servants, so negligently used a freight truck that the plaintiff was thrown with great force against the side of the freight car, breaking the drum of his right ear and crushing the joint of his large toe on the right foot, to his damage, $10,000. On petition of the defendant the case was transferred to the Federal court, and on motion of the plaintiff it was remanded to the state court. In February, 1920, more than two and one half years after the injury, the case was tried and

the jury found a general verdict for defendant, and found specially that the shipment of the stone was from Fargo to Walhalla, North Dakota. In March, 1920, the plaintiff made a motion for a new trial and for leave to strike from his complaint the averments relating to interstate commerce and the Federal Employers' Liability Act. The motion was denied. It was made on the complaint, the answer, the special findings and verdict, the charge of the court, and the minutes of the court. The motion for a new trial was not made for either of the several causes specified by statute. § 7660. It did not specify any ground or cause whatever. Nor was it accompanied by a statement of the errors of which plaintiff complained. The statute provides:

"A party desiring to make a motion for new trial . . . shall serve with the notice of motion a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict or that the evidence is of that character that the verdict should be set aside as a matter of discretion, he shall so specify." Comp. Laws 1913, § 7656.

The rule is that "grounds not stated in the motion or written statement will not be considered at the hearing by the trial court. And similarly it is held that on appeal the reviewing court will not consider any grounds other than those specified in the motion. A party making a motion for new trial is bound by the reasons assigned therein and can urge no other on appeal." 20 Cyc. 944. However, the most fatal defect is that the plaintiff has not caused a statement of the case to be settled. The record is here without anything purporting to be a statement of the case. As there is no evidence before the court, it is in no position to review the evidence and declare that in denying the motion there was any abuse of discretion. The presumptions are all in favor of the judgment and the order.

On a proper notice a motion for a new trial may be made for either of the several causes specified by statute, and it may be made on a statement of the case or on the minutes of the court. The minutes contain the evidence, the objections and exceptions, and all the procedure from the commencement to the end of the trial. The district judge may take official notice of his minutes, and may refresh his memory by hearing the stenographer read the same to him; but on appeal the minutes can-

not be considered unless they are copied, certified, and made a part of the record. As provided by statute.

"In case a motion for a new trial is made on the minutes of the court, either party desiring a review of the decision of the court on such motion may proceed to have settled a statement of the case." Comp. Laws 1913, § 7664.

It now seems quite certain that the action should have been brought in the state court under the Fellow Servant and Contributory Negligence Acts of 1907 and the Act of 1915, chap. 207. In actions to recover for personal injuries under those acts, the fact that the employee has been guilty of contributory negligence is not a bar to recovery, but the damages are diminished in proportion to the negligence attributable to the employee. Under the first statute the action must be commenced within one year, and under the second statute, two years. The short-time limit for commencing actions against common carriers by railways for personal injuries is based on good reasons. The persons who witness such injuries and accidents are commonly transients, who go and come, and forget all about matters which do not concern them. Hence, it is in furtherance of justice that such actions should be commenced and brought to trial while the facts are fresh in the memory of disinterested witnesses. But the purpose of plaintiff's motion is, in effect, that now, after the lapse of three years, he be permitted to commence and maintain such an action. Were the motion granted, the amendments allowed, and a trial had on new pleadings,—the plaintiff first paying the costs of this action,—it would be virtually the same as the commencement of a new action without any showing that it would be in furtherance of justice.

CHRISTIANSON, Ch. J., and BIRDZELL, J., concur.

BRONSON, J. I concur in the result.

GRACE, J. (dissenting.) Section 7607, Comp. Laws 1913, provides: "A trial is the judicial examination of the issues between the parties, whether they are issues of law or of fact." Section 7608, so far as material to this case, provides: "An issue of law must be tried by the court or by the judge. An issue of fact in an action for the recovery of

money only or of specific real or personal property must be tried by a jury, unless a jury is waived, as provided in § 7637, or a reference is ordered, as provided in §§ 7645 and 7646."

That part of the trial court's instructions which is most material for our consideration reads thus: "Your first duty will be to determine from the evidence in this case as to whether or not the plaintiff was engaged in handling freight destined to another state. If the plaintiff, when the accident occurred, was employed in the handling of shipments of freight that were to pass out of the state of North Dakota and enter another state, then he was employed in interstate commerce, and the consequent rights and liabilities arose under the Federal Employers' Liability Act. If, on the other hand, you should find that the freight or shipment he was handling at the time of the accident or injury was destined to some point within the state of North Dakota, then it would not come within the Federal Employers' Liability Act, and the plaintiff would not be entitled to recover in this case. *This is the first question for you to determine.* Should you find that the shipment of freight which the plaintiff was handling at the time of the accident or injury was destined to some point within the state of North Dakota, then it would be your duty to render a verdict in favor of the defendant, *and you need not go any further.* Should you, on the other hand, find from the evidence in this case that the freight the plaintiff was handling at the time the injury occurred was destined to some point in another state beyond the state of North Dakota, *then you would proceed to take up the question of negligence.*"

It is presumed that the jury followed the instructions of law, as given it by the court, and in this case it conclusively appears that those instructions were implicitly followed by the jury. If this is true, and we think it is, there never has been a trial upon the real issues of fact in this case. There has never been a trial upon plaintiff's real cause of action, —that wrong which was done him by the negligence of the defendant. That, and that alone, is the cause of action in this case. It is the only cause of action. Whether the plaintiff was injured while engaged in interstate or intrastate commerce are solely questions relating to the remedy, and not to the cause of action. Whether the plaintiff was pursuing a proper remedy was a question of law for the court to decide, and not a question of fact for the jury. If the court were satisfied from the

evidence that the commerce engaged in at the time of the injury was not interstate in character, it should have so decided, so that the questions of fact involved in the case, including defendant's negligence and the damages sustained by plaintiff by reason of the injury, might have been determined, which, of course, has not been done. It was not necessary for the plaintiff to plead the law of this state applicable to the situation, in order to derive the benefit thereof. All that was necessary upon his part was to plead and prove facts entitling him to recover, and the law of the state becomes immediately applicable without the pleading of it.

The plaintiff's application and motion in this case, while in the nature of a motion for a new trial, was not, in fact, such. It was really an application to have the merits of the case determined in the first instance, or for the first time, and not for a new trial. In other words, it merely called the attention of the court to a duty which it should have performed in the course of the trial, that is, to eliminate the question of interstate commerce; for the evidence must have shown beyond any doubt that the act performed by plaintiff was one of intrastate commerce. This was clearly shown by the bill of lading or the history of the shipment. There could be no dispute upon this point, because defendant's records must have shown that the gravestone was billed to be shipped from Fargo to Walhalla, North Dakota. Under the instruction given by the court, the question of plaintiff's injuries, the damages he suffered thereby, the negligence of the defendant, or any other question of fact, never reached the jury in this case. The court precluded that, for the plain meaning of the instruction of the court is not difficult to discern. The plain meaning of that instruction is that the jury were required, first, to find whether the act which plaintiff was doing when injured was intrastate commerce, or, conversely stated, was not interstate commerce. This was the first question to be determined by the jury under the instruction given it by the court. They were instructed, in effect, that if they found the act to be one of intrastate commerce they need not go any further and should return a verdict in favor of the defendant. The jury did find the act to be one of intrastate commerce. It did this by answering the special questions submitted to it. That was the first question it determined, and it did not go any further. Therefore, any other question never reached the jury, and there was no trial upon the real issues of fact in the case.

45 N. D.—40.

There was no trial upon the wrong which was done plaintiff; there was no trial upon the amount of damages he sustained, nor upon the negligence of defendant, for it must be kept strictly in mind that the court told the jury, in effect, that if it found that the freight which the plaintiff was handling at the time of the injury was destined to some point in another state beyond the state of North Dakota, then it could proceed to take up the question of negligence. It is clear that no question, excepting the one single question relating to the remedy, was passed upon by the jury,—and upon this it had no right or authority to pass. Further reasoning would be superfluous for the purpose of demonstrating or making clear this point. The general verdict returned in favor of the defendant did not decide any issues of this case, nor any of the facts of this case, excepting that the defendant at the time of the injury was engaged in intrastate commerce, and this was not a question of fact for the jury, but of law for the court. The general verdict in this case in no way strengthens the position of defendant. There was, in fact, no trial under the sections of the statute as above set forth.

The motion of the plaintiff should have been granted and the case placed upon the calendar for, not a new trial, but for a trial in the first instance, as it really never has been properly tried upon any of the issues of law and certainly has been tried upon none of the issues of fact, as clearly appears from what has above been said.