REUBEN COHN, Respondent, v. NICK WYNGARDEN, Appellant.

(184 N. W. 575.)

**Appeal and error — new trial — prejudicial error not presumed; error disregarded unless affecting substantial rights; misconduct of juror must be objected to at trial.**

This is an action for a grave assault and battery. Defendant appeals from a judgment for $1,500 with interest and costs. While he alleges error in the conduct of a juror and in the charge of the trial court, he does not bring any evidence before the court. The verdict and the judgment is presumed to be in all respects just and righteous. As the code provides, the court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

Opinion filed September 26, 1921.

Appeal from an order and judgment of the District Court of Kidder county; *Coffey*, J.

Affirmed.

*E. T. Burke*, for appellant.

"It appears the best and highest evidence of which the case admits if we ask for stronger proof and adopt the rule of shutting the mouths of jurors we may as well close the doors of all inquiries of the case and leave them to act and decide as they please." Smith v. Cheetham, (N.Y.) 3 Caines 57; Crawford v. State, 2 Yerg (Tenn.) 60; Wright v. Telegraph Co., 20 Iowa 195; Wright v. Inm. Telephone Co., 20 Iowa 212; Mattox v. U. S. 146 U. S. 140; 36 Law ed. line 20.

*Knauf & Knauf*, for respondent.

"One of the causes assigned by statute for a new trial is, § 2, "Misconduct of the jury." But the affidavits of the jurors can only be used to show such misconduct in cases where the verdict is arrived at by chance." § 7660, Comp. Laws, 1913.

"Where the juror's conduct was known at the time of the trial a motion for a new trial on that ground will not be granted, as it was his duty to call attention of the court to it during the trial." Ewing v. Lunn, 115 N. W. 527.

"Where motion for a new trial is made upon the grounds of misconduct of jurors, such misconduct cannot be shown by affidavit of a juror—such statements are inadmissible to show misconduct or to impeach a verdict.".

If it appear that the alleged misconduct of a juror was not caused by the prevailing party then a new trial should not be granted. State v. Robidou, 128 N. W. 1124; Ewing v. Murphy, 1 L. R. A. 820; Phillips v. R. I. Co. 31 L. R. A. (N. S.) 930 and cases cited; Peoples v. Ritchie, 42 Pac. 209, Utah.

"New York affirms the principle that jurors cannot be heard by affidavit or otherwise to impeach their verdict." Williams v. Montgomery, 60 N. Y. 648 and cases cited.

"Affidavits of jurors cannot be used to show how jurors arrived at their verdict." State v. Forester, 103 N. W. 625; 14 N. D. 335; Glaspell v. N. P. R. R. Co. 43 Fed. 900; Johnson v. Seel, 144 N. W. 237; 26 N. D. 299.

"The affidavit of attorney as to statements and of admissions of jurors to such attorney are inadmissible." Johnson v. Seel supra 238; Siemsen v. Oaklan, 66 Pac. 673 (Cal.); People v. Ritchie, 42 Pac. 209, (Utah).

"A party to an action will not be heard to complain of errors which he himself has induced the trial court to commit." 3 Cent. Dig. Col. 1312 § 3591; Walton v. C. St. P. M. & O. Ry., 6 C. C. A. 223; 2 Dec. Dig. § 882; May v. Cummings, 130 N. W. 828; 21 N. D. 287; Knox v. Ry. Co. 203 S. W. 229, ¶ 1 (N. D.); Pyke v. Jamestown, 15 N. D. 161.

"Particular errors complained of should be specified." § 7663 Code 1913; Henry v. Maher, 6 N. D. 414; Baumer v. Freach, 8 N. D. 319; State v. School Dist. 18 N. D. 616; Chaffee v. Edinger, 29 N. D. 537; Frost v. Hallinger, 21 N. D. 560.

Now, it is well settled, that unless the complaining party had been

prejudiced by the instruction, he cannot complain. Swallow v. Bank 35 N. D. 608; 161 N. W. 207.

Unless a defendant requests an instruction, the court's failure to instruct in that regard is not reversible error. Huber v. Zeizzler 37 N. D. 556; 164 N. W. 131; Blackorby v. Guither, 34 N. D. 248; 158 N. W. 354.

Robinson, J. This is an action for a grave assault and battery. Defendant appeals from a judgment for $1,500, with interest and costs, and from an order denying a motion for a new trial. The motion is based on alleged errors in the charge of the court to the jury and on alleged misconduct of a juror. The charge is 'that pending the trial defendant and his witness slept in the same bed and in a room occupied by a juror, and that during the night the juror heard defendant talk in whispering tones to his witness concerning the testimony he should give. The juror makes affidavit that he was not influenced by the conversation and did not disclose it to any other juror until they had agreed on the verdict. The juror made affidavit thus:

"I heard Wyngarden talk to witness and tell him to testify that he did not see him kick Cohn, but that he had turned to mind his horses, or words to that effect. I decided the case on the evidence and never told any one of the occurrence till the verdict was signed."

The motion for a new trial was not made on a statement of the case nor on the minutes of the court. There was no evidence submitted, only depositions taken by the plaintiff in regard to his injuries and the time he was unable to work. There is the depositon of his doctor in Chicago showing that for two or three months the doctor treated him for a fractured rib. The doctor's charge was $250; the hospital charge, $57. For aught that appears from the record, it may have been clearly proven that defendant committed a brutal assault and battery on the plaintiff and that the damage was much greater than the verdict. The presumptions are all in favor of the judgment. The purpose of the law is to administer justice between man and man and not to pile up a nice technical system of practice. By the code trivial defects of procedure must be disregarded. "The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which do not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Code, § 7485. If the defendant had no defense on the merits, then his rights were not affected by any of the

matters alleged as error. If he had a defense, there was no way of proving it without producing the evidence. The presumption is that if produced the evidence would be adverse to him. Code, § 7936. Allowing full force and effect of the alleged errors, there is no showing that the judgment is not in all respects just and righteous beyond a question or a peradventure. If it be true, which it is not, that one of the jurors was prejudiced by accidentally overhearing defendant drilling his witness, it was no fault of the plaintiff; and defendant knew of the occurrence long before the close of the trial and he did not object to the juror. One who consents to an act is not wronged by it. Code, § 7249. Acquiesence in an error takes away the right of objecting to it. Code, § 7250. No one can take advantage of his own wrong. Code, § 7251. No one should suffer by the act of another. Code, § 7254.

Judgment affirmed.

GRACE, C. J., and BIRDZELL, J., concur.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance of the judgment and of the order denying a new trial.

Appellant contends that the judgment and order should be reversed, and a new trial awarded him on account of: (1) Misconduct of the jury; and (2) erroneous instructions.

The only basis for the first ground are affidavits made by jurors and an affidavit of defendant's counsel as to statements alleged to have been made to him by a juror. There is no contention that one or more of the jurors were induced to assent to the verdict by a resort to the determination of chance, and under our statute it is only in such case that the verdict of a juror may be impeached by the affidavit of jurors. See subdivision 2, § 7660, C. L. 1913. Not only does that seem to be the plain meaning of our statute, but that was the interpretation placed thereon by this court in Johnson v. Seel 26 N. D. 299, 144 N. W. 237.

In this case defendant made a motion for a new trial. In such motion no complaint was made of the court's instruction to the jury. In other words, error in the instructions was not assigned as a ground for a new trial. This being so, the error, if any will be deemed waived, and cannot be asserted in this court. State v. Glass, 29 N. D. 620, 151 N. W. 229.

While I believe that the two decisions cited above are determinative of the questions raised on this appeal, I deem it proper to say that, upon

the record before us, it could in no event be said that the defendant was denied a fair trial.

BRONSON, J., concurs.