ALLEN O'DELL, Respondent, v. HENRY HINEY, Appellant.

(190 N. W. 774.)

**Appeal and error — motion must present all grounds claimed.**
   1. Where a party moves for a new trial, he must present all grounds which

---

he claims entitle him to a new trial. In other words, he cannot present one ground in the trial court, and another ground in the appellate court.

**Appeal and error — particular rulings claimed erroneous must be specified.**
  2. A party who assails the rulings of a trial court in the admission or exclusion of evidence either by motion for a new trial or on appeal must specify the particular ruling or rulings which are claimed to be erroneous.

Opinion filed October 31, 1922.

Appeal and Error, 3 C. J. § 732 p. 818 n. 23; § 863 p. 967 n. 42. New Trial, 29 Cyc. p. 944 n. 1; p. 945 n. 2; p. 947 n. 9.

Appeal from the district court of Ward County, *Lowe*, J.

Defendant appeals from the judgment and from an order denying a new trial.

Affirmed.

*Funke, Campbell & Eide,* for appellant.

*O. B. Herigstad,* for respondent.

CHRISTIANSON, J. This action was in claim and delivery for the possession of two heifers, fifty-three chickens, eleven turkeys and six ducks. The case was tried to a jury. The plaintiff prevailed. Defendant moved for a new trial. · The motion was denied and defendant appealed. The facts necessary to an understanding of the case are as follows: The plaintiff is the owner of a farm situated in Ward county. On or about October 1, 1919, he entered into a written lease with the defendant Hiney whereby such farm was leased to Hiney for a term of three years. The lease provided that the plaintiff should furnish to the defendant certain ducks, turkeys, and chickens and that the defendant should take care of them and get one half of the increase thereof. The defendant entered upon the premises in accordance with the conditions of the lease and received the turkeys, chickens, and ducks into his possession. Subsequently, and on or about October 30, 1919, the plaintiff purchased the two heifers involved in this controversy, and the same were delivered to the defendant on the farm. On or about January 19, 1920, the defendant left the farm and took with him the personal property in controversy. On or about April 1, 1920, the plaintiff demanded of the defendant that he return to the farm and take the personal property back there or that he surrender the same to the plaintiff. The demand was refused on the sole ground that the defendant had a feed

**49 N. D.—11.**

bill against the heifers, and that he would not surrender possession of the personal property in controversy unless and until such feed bill was paid. The plaintiff refused to pay the feed bill and brought this action.

On the oral argument it was conceded that the judgment is right in so far as it relates to the turkeys, ducks, and chickens. That is in so far as it relates to the property covered by the farm lease. It is contended, however, that in so far as the heifers are concerned the judgment is erroneous and should be set aside. Upon the trial plaintiff contended that he purchased the heifers and turned them over to the defendant under an agreement with the defendant that he was to keep and care for them under substantially the same conditions as those agreed upon with respect to the turkeys, ducks, and chickens. This was specifically denied by the defendant who claimed that there was no agreement whatever with respect to the heifers. That he merely received the same and kept them for the plaintiff and that consequently he was entitled to compensation for feeding and caring for them. It will be noted that these contentions are in conflict. If plaintiff's contention is correct the right to possession of the heifers would stand precisely upon the same basis as the right to possession of the turkeys, ducks, and chickens; whereas, according to the contention of the defendant the right to possession of the heifers stood upon a wholly different ground from that of the right to possession of the turkeys, ducks, and chickens. The issues as thus framed were submitted to a jury, which as already stated, returned a verdict in favor of the plaintiff.

Upon this appeal it is contended that the judgment should be set aside and a new trial ordered for two reasons:

(1) Because the evidence is insufficient to justify the verdict; and,

(2) Because the court erred in excluding certain evidence offered by the defendant tending to show that he left plaintiff's farm in January, 1920, for the reason that the well on the place did not furnish sufficient water.

In our opinion neither of the contentions can be sustained. As already stated, defendant moved for a new trial. The laws of this state enumerate seven causes for new trials in civil actions, among which are the following:—" . . . 6. Insufficiency of the evidence to justify the verdict. . . . 7. Error in law occurring at the trial and

excepted to by the party making the application." Laws 1921, chap. 131. And they provide that "a party desiring to make a motion for new trial . . . shall serve with the notice of motion . . . a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict, or that the evidence is of that character that the verdict should be set aside as a matter of discretion, he shall so specify." Section 7656, C. L. 1913. In this case the defendant did not challenge the sufficiency of the evidence in his motion for a new trial. The only ground specified in the motion for a new trial was that the court erred in refusing to permit the defendant to show that it was necessary for him to remove the heifers in controversy because of the insufficient water supply on the O'Dell farm. It would seem clear, therefore, that on this appeal the plaintiff would be limited to a review of the grounds presented to the trial court. In other words, having moved for a new trial he was required to present to the district court all reasons why a new trial should be had; and cannot on appeal present other grounds than those presented to the trial court. State v. Glass, 29 N. D. 620, 151 N. W. 229; Cohen v. Wyngarden, 48 N. D. 344, 184 N. W. 576; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999. See also Lofthouse v. Galesburg State Bank, 48 N. D. 1019, 188 N. W. 585.

29 Cyc. 944, says: "Grounds not stated in the motion or written statement will not be considered at the hearing by the trial court. And similarly it is held that on appeal the reviewing court will not consider any grounds other than those specified in the motion. A party making a motion for new trial is bound by the reasons assigned therein and can urge no other on appeal."

In this case, however, the question of the insufficiency of the evidence would not be before us, even if a motion for a new trial had not been made and there had been an appeal from the judgment alone, for the question was in no manner presented in the court below. Horton v. Wright, B. & S. Co. 43 N. D. 114, 174 N. W. 67.

Did the court err in refusing a new trial on the ground specified in the motion for a new trial? We think not. The motion for a new trial purported to be based solely upon alleged error in the exclusion of evidence relating to the inadequate water supply on the O'Dell farm. The specification or statement was a general one. There was no attempt

to designate any particular ruling or rulings. Nor was there even a reference to the place in the record where such ruling or rulings might be found. In order to have ruled intelligently on the proposition, the trial court would have been required to explore the entire record for the purpose of finding, if possible, the particular ruling or rulings characterized by the general specification. Such burden could not be imposed upon the court. A party who asserts a right to a new trial because of erroneous rulings of the trial court is required to point out the particular ruling or rulings complained of. Willoughby v. Smith, 26 N. D. 209, 220, 144 N. W. 79; Erickson v. Wiper, 33 N. D. 193, 217, 157 N. W. 592; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999; 3 C. J. 1370; Hayne, New Trial & Appeal, Rev. ed. pp. 738 et seq.

An examination of the transcript of the evidence, however, discloses that while the trial court sustained objections to some testimony offered in regard to the alleged inadequate water supply on the O'Dell farm, the defendant elsewhere was permitted to testify thereto.

On his direct-examination, defendant, over objections, was permitted to give the following testimony:

Q. During the winter of 1919 and 1920 did you haul water from anywhere or did you have water on the O'Dell place?

A. No, sir. . . .

Q. Was you compelled to leave the O'Dell place by reason of the fact that you were not able to obtain water for this stock?

A. Yes, sir.

It is true this proposition was not submitted to the jury, but no complaint has been made of the instructions. And according to the undisputed testimony the real point in controversy between the parties was whether the defendant was entitled to compensation for feeding and caring for the heifers. In fact, according to defendant's testimony this lawsuit would not have arisen if plaintiff had recognized the validity of defendant's claim for feeding and caring for the heifers. On his direct examination defendant testified that when demand was made upon him by the plaintiff for the possession of the personal property in controversy, he (defendant) stated to the plaintiff that he (defendant) would deliver the heifers, turkeys, ducks, and chickens to the plaintiff upon the payment of the feed bill claimed by the defendant.

Hence the main point in controversy was fully and fairly submitted to the jury.

Inasmuch as appellant has failed to show any prejudicial error, it follows that the judgment and order appealed from must be affirmed. It is so ordered.

BIRDZELL, Ch. J., and ROBINSON, BRONSON, and GRACE, JJ., concur.