## E. C. RUBLE, Appellant, v. E. M. JACOBSON, Respondent.

(200 N. W. 688.)

**Appeal and error — movant must present to trial court all grounds.**

1. Where a party moves for a new trial, he must present all grounds which he claims entitle him to a new trial. In other words, he cannot present one ground in the trial court, and another ground in the appellate court.

Note—(1) Appeal from order denying or granting new trial, see 2 R. C. L. 188; 1 R. C. L. Supp. 431.

**New trial — denial of motion for new trial for newly discovered cumulative evidence held proper.**

2. For reasons stated in the opinion, it is held, that the action of the trial court in refusing to grant a new trial upon the ground of newly discovered evidence was proper.

Opinion filed October 30, 1924.

*Appeal and Error, 3 C. J. § 863 p. 967 n. 42.   New Trial, 29 Cyc. p. 911 n. 94.*

In District Court, Burleigh County, *Jansonius,* J.

Action to recover for an automobile sold and for money loaned.

Plaintiff has appealed from the judgment and an order denying motion for a new trial.

Affirmed.

*F. E. McCurdy,* for appellant.

*Carr & Rittgers* and *E. T. Burke,* for respondent.

BRONSON, Ch. J.   This is an action to recover for money loaned and an automobile sold.   The defense is payment through exchange. The jury returned a verdict in defendant's favor.   Plaintiff's evidence is to the effect that he sold to defendant in May, 1920, an automobile, for $1375.00, besides furnishing to him certain accessories therefor; that, in May, June and July, 1920, he loaned to defendant $1600.00, as evidenced by his checks therefor; that no payment has ever been made for the things so sold or the monies so loaned.

Defendant's evidence is to the effect that plaintiff exchanged the automobile, the accessories, and the checks, for, and in payment of, certain notes of a third party secured by a land contract owned by defendant and by him transferred to plaintiff.

Plaintiff's evidence, in response, is to the effect that such notes and contract, so far as they were temporarily delivered to, or possessed by, him were held by him simply for purposes of collateral or for collection.

The trial court submitted to the jury the sole question whether plaintiff sold defendant the automobile and loaned to him $1600 or took from defendant the notes in exchange.

Plaintiff made a motion for a new trial specifying as the sole ground

therefor certain newly discovered evidence set out in affidavits to the effect that a certain witness had been discovered who would testify to a conversation between the parties wherein plaintiff refused to receive or have anything to do with the notes and land contract concerned. The trial court found that the newly discovered evidence was merely cumulative and denied the motion. Plaintiff has appealed therefrom and also from the judgment.

Before this court, plaintiff has specified and urged some ten assignments of error through which he contends that the trial court erred in receiving evidence of certain transactions prior to the sale or delivery of the automobile; in failing to properly instruct the jury as to the burden of proof. He also urges resultant prejudice of the jury as well as error in denial of the motion for the new trial.

It is well settled that where a party moves for a new trial he must present all grounds which he claims entitle him to a new trial. In other words, he cannot present one ground to the trial court and another ground to the appellate court. Jensen v. Clausen, 34 N. D. 637, 159 N. W. 30; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999; Larsen v. Fries, 48 N. D. 507, 185 N. W. 363; O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 774; see Cohn v. Wyngarden, 48 N. D. 344, 184 N. W. 575, and State v. Glass, 29 N. D. 620, 151 N. W. 229. Accordingly, upon this appeal, plaintiff is limited to a review of the ground for a new trial presented to the trial court. We are agreed that the trial court properly denied the motion upon the ground as asserted. The order and judgment are affirmed with costs.

CHRISTIANSON, JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.