## CITIZENS STATE BANK, a Corporation, Respondent, v. M. J. GEISEN, Appellant.

(200 N. W. 1007.)

**Appeal and error — defendant limited on appeal to error assigned in motion for new trial; trial court's findings presumed correct unless clearly against preponderance of evidence.**

In an action at law to recover stipulated payments in a contract for a deed, where the defense was asserted that plaintiff, by a written contract, had released the vendee from all liability upon the contract, it is held, for reasons stated in the opinion:—

---

Note.—Limitation on appeal to grounds of motion for new trial, see 2 R. C. L. 188; 1 R. C. L. Supp. 431; Presumption of correctness of findings of trial court, see 2 R. C. L. 203; 1 R. C. L. Supp. 441; 5 R. C. L. Supp. 81.

(a) That defendant, having made a motion for a new trial, is limited upon appeal to the grounds of error specified in the motion for a new trial in the lower court.

(b) That the findings of the trial court are presumed to be correct unless clearly opposed to the preponderance of the evidence.

Opinion filed October 31, 1924.  Rehearing denied December 5, 1924.

Appeal and Error, 3 C. J. § 863 p. 967 n. 42; 4 C. J. § 2727 p. 777 n. 61.

In District Court, Towner County, *Burr, J.*

Action to recover payments under a contract for a deed.

Defendants have appealed from the judgment and from an order denying motion for a new trial.

Affirmed.

*Cuthbert & Adamson,* for appellant.

The burden of proof and the weight of the evidence are two very different things.  The former remains on the party affirming a fact in support of his case, and is not changed in any aspect of the cause, except by legal presumption; the latter, that is the burden of evidence shifts from side to side in the progress of the trial according to the nature and strength of the proof offered in support of or denial of a main fact to be established.  Kendall v. Brownson, 47 N. H. 186.

The burden of evidence is determined by the progress of the trial and shifts to one party when the other party has produced sufficient evidence to be entitled as a matter of law to a ruling in his favor.  The phrase "burden of evidence" means the logical necessity which rests on a party at any particular time during a trial to create a prima facie case in his own favor, or to overthrow one when created against him.  Guild v. More, 32 N. D. 432.

It is only where the party in default claims in his pleadings and proof that the sum stipulated as liquidated damages is in excess of the actual damages suffered by the other party to the contract that the court can say the provision is in the nature of a penalty and as such enforceable to any greater extent than the actual damages sustained.  The vendor is always bound by such a stipulation.  Aikman v. Sanborn (Cal.) 52 Pac. 729; Tingley v. Cotton, 7 Conn. 291; Pinkey v. Weaver (Ill.) 74 N. E. 714.

Contract provisions that in case of the vendee's default the vendor may rescind the contract and retain the payments made as liquidated damages have been enforced frequently. Keefe v. Fairfield (Mass.) 68 N. E. 342; Barnes v. Clement (S. D.) 66 N. W. 810.

The right to stipulate the damages is recognized by the courts and courts of equity will not grant relief if the arrangement is really for liquidated damages and not for a penalty. May v. Crawford (Mo.) 51 S. W. 693; Whitefield v. Levy, 35 N. J. L. 149; Sun Printing Co. v. Moore, 183 U. S. 642, 46 L. ed. 366.

*Kehoe & Verrett,* for respondent.

## Statement.

BRONSON, Ch. J. This is an action to recover payments due under a contract for a deed. Trial was had to the court. Defendant has appealed from the judgment and from an order denying a new trial. The material facts are:—One Hazlett owned a half-section of land in Rolette county. He placed a first mortgage of $4000 thereupon. Shortly thereafter, on Feb. 8, 1921, he made to defendant Geisen a contract for a deed wherein Hazlett agreed to sell and defendant agreed to buy such land for a consideration of $14,400 payable as follows:—$2400 in cash, $1500 each year on Dec. 1st, commencing with 1921 for five years, and $4000 by the assumption of the mortgage. Defendant paid the $2400 payment; also $240, interest due upon the first mortgage on Dec. 1st, 1921; also $480.00, interest due on the contract, on Feb. 8, 1922. No other payments of principal or interest have been made by defendant. Hazlett transferred his interest in the contract to one Murback who later, about July, 1922, transferred Hazlett's interest to the plaintiff bank in exchange for certain hotel property. Before plaintiff bank secured the Hazlett interest in this land it ascertained from defendant that he, defendant, intended to carry out the contract. The $1500 principal payments, which fell due on Dec. 1st, 1921 and 1922, and the $480 interest which accrued on Feb. 8, 1923 upon the contract were not paid by defendant. Likewise, the interest on the first mortgage of $4000 due Dec. 1st, 1922, and a short period of interest due on March 15th, 1923 when the mortgage matured, were not paid by defendant but were paid by the plaintiff. This action was brought

by the plaintiff in May, 1923, to recover the contract payments and the interest paid by plaintiff upon the first mortgage. A total judgment was sought in the sum of $3,790 with interest. Defendant interposed an answer wherein he alleged, in substance, that shortly before the $4000 mortgage fell due plaintiff desired to extend the same; that then the parties agreed that defendant should be released from all liability on the contract; that defendant should surrender to plaintiff all his right, title and interest in the land; that plaintiff should receive the benefit of defendant's credit to the extent of $2400 already paid; that the plaintiff bank should assume the mortgage against the land and release defendant from any liability thereupon. That such a contract, in writing, evidencing such agreement was made but no copy thereof was ever given to defendant.

. 'At the trial evidence was offered by plaintiff to the effect that in February, 1923, plaintiff's cashier called defendant to the bank to inquire about the interest due and the delinquent payments; then it was ascertained that defendant had made an interest payment of $480.00 to Murback; then defendant demurred to giving a note for delinquent principal payments. In March, 1923, the $4000 mortgage became due. The holder thereof threatened to foreclose the mortgage. In order to extend this mortgage a waiver by defendants was signed which recited that whereas said Geisen was interested in the land by virtue of the contract, he and his wife, in consideration of the holder of the mortgage extending the time of payment from March 15, 1923 to March 15, 1928, consented to such extension and waived any right, title or interest they had in the premises in favor of such lien.

It is admitted by all the parties that this waiver was signed; but, in accordance with defendant's testimony, as well as that of his wife and a maid at their home, there was another paper signed in duplicate which released and surrendered to plaintiff bank all of defendant's right, title and interest in the contract for a deed and released defendant from any liability thereunder.

In this respect, defendant's testimony is to the effect that four different papers were signed by the parties at the time that the waiver was signed; the waiver in duplicate, and the release in duplicate; that the bank's cashier brought all the papers to them; that they signed the same, all within a paper cover held only by paper clips, and they were all

taken away. On the other hand, plaintiff's cashier testified to the effect that only one set of papers, namely, the waiver in duplicate, were signed by defendants; that there had been another waiver prepared by some foreign attorneys but they did not have it signed nor take it to defendants for signature. Testimony was also adduced by counsel for the plaintiff to the effect that a waiver only was dictated, typed and handed to the bank and that the same, so typed and delivered, was duly secured with eyelets in duplicate, each within a blue wrapper, and was not inclosed in a wrapper with any clips. The trial court found defendant was liable upon the contract for the delinquent payments and ordered judgment accordingly. In a memorandum decision the trial court stated that the burden of proof was upon defendant to establish this subsequent contract of release; that the evidence was insufficient so to do. Otherwise, the trial court indicated that defendants, in their testimony, must have been mistaken concerning the character of the paper or the additional paper that they claimed to have signed.

Defendant contends that the action is properly in equity; that the complaint is insufficient for the reason that plaintiff alleges that it is the owner of the premises and, therefore, it can not maintain this action; that the trial court in its findings, considered with its memorandum decision, erroneously placed the burden of proof upon defendant; that the trial court erred in certain rulings upon the evidence and, particularly, in admitting certain testimony concerning the preparation by an attorney of the waiver. Otherwise, defendant in its brief states that the case turns upon the question whether the contract of release, as pleaded by defendant and denied by plaintiff, was made, and in this respect maintains that the proof is overwhelming that such release was in fact made.

## Opinion.

Upon the record it is evident that the cause was tried as a law case to the court without a jury. A motion for a new trial was made in the trial court upon the grounds that the evidence was insufficient to justify the decision or findings; that, as a consequence, the findings are against the law; that the trial court erred in its rulings upon the evi-

dence. An appeal has been taken to this court upon specifications of error, as if the action was a law case.

Accordingly, defendant is limited to the grounds of error presented in the motion for a new trial in the lower court. Ruble v. Jacobson, ante, 671, 200 N. W. 688; Jensen v. Clausen, 34 N. D. 637, 159 N. W. 30; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999; Larsen v. Friis, 48 N. D. 507, 185 N. W. 363; O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 774. See Cohn v. Wyngarden, 48 N. D. 344, 184 N. W. 575; State v. Glass, 29 N. D. 620, 151 N. W. 229.

The specifications of error concerning the rulings upon the admission of evidence are without merit. The trial court properly placed the burden upon defendant. See First State Bank v. Radke, ante, 246, 35 A.L.R. 1355, 199 N. W. 930.

The findings of the trial court are presumed to be correct unless clearly opposed to the preponderance of the evidence. Richards v. Northern P. R. Co. 42 N. D. 472, 173 N. W. 778; McCormick v. Union Farmers State Bank, 48 N. D. 834, 187 N. W. 422; Bleeker v. Johnson, 49 N. D. 156, 190 N. W. 1010; Flath v. Bankers Casualty Co. 49 N. D. 1053, 194 N. W. 739, 741; Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663, 667; Hartung v. Manning, 50 N. D. 478, 196 N. W. 554, 555.

We are satisfied that the record presents only a question of fact concerning the sufficiency of the evidence to justify the findings. Although there is a sharp conflict in the testimony with the numerical weight of the evidence predominating in defendants' favor, nevertheless, we are not prepared to hold that the presumption which applies concerning such findings by a trial court who has heard the evidence and seen the witnesses, has been overcome. The judgment and order are affirmed with costs.

CHRISTIANSON, NUESSLE, JOHNSON, and BIRDZELL, JJ., concur.