## STATE OF NORTH DAKOTA, Respondent, v. CARL KRANTZ, Appellant.

(215 N. W. 157.)

**Witnesses — cross examination — credibility of witnesses.**

1. The state has the right on cross-examination to show the nature of the relations existing between a witness and the accused, so far as their relations might affect the testimony of the witness, even though it may reflect on the defendant to his prejudice in the minds of the jurors, and such evidence can only be considered for the purpose of determining the credibility of the witness.

**Appeal and error — errors of law — specified on motion — considered on appeal.**

2. Only errors of law, specified as such in a motion for a new trial, may be considered on appeal.

Opinion filed August 18, 1927.

Criminal Law, 17 C. J. § 3349 p. 87 n. 43, 44. Witnesses, 40 Cyc. p. 2666 n. 65.

Appeal from the District Court of Ward County, *Moellring*, J. Affirmed.

*L. J. Palda, Jr., C. E. Brace,* and *Robert W. Palda,* for appellant.

It is the duty of the court to see that the witness is protected from improper cross-examination, especially when opposing counsel interposes timely objections. Laidlaw v. Sage (N. Y.) 52 N. E. 689.

A question on cross-examination which does not call for a fact, but for an opinion, or for an inference on the witness's part from the facts to which he has previously testified, or for an argument in answer to the argument contained in the question itself, is properly rejected. 3 Enc. Ev. 813, cases cited.

The law takes cognizance of the fact that criminals may not be guilty of all the crimes with which they may be charged, and excludes proof that the commission of one crime is the proof of the commission of another crime. State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84.

Judgments of conviction have frequently been set aside because of the conduct of counsel for the prosecution, in stating and insinuating other offenses than the one for which the accused was on trial. People v. Gengles, 218 Mich. 632, 188 N. W. 398.

A person may be convicted of the crime of rape upon the uncorroborated testimony of the complaining witness, yet hold that this cannot be rightfully done where, from the whole record, it appears that such testimony is unreliable, improbable, or where such witness has been fairly impeached. State v. Dochtler, 43 S. D. 407, 179 N. W. 653.

The burden of proof never shifts, but rests on the prosecution throughout, so that in all cases a conviction can be had only after the jury have been convinced, beyond a reasonable doubt, of the defendant's guilt. 1 Greenl. Ev. § 81.

*Geo. F. Shafer,* Attorney General, *H. E. Johnson,* State's Attorney, and *E. R. Sinkler,* Special Prosecutor, for respondent.

The purpose of the cross-examination is to test the truthfulness, intelligence, memory, bias or interest of the witness, and any question to that end within reason is usually allowed. Briggs v. People, 76 N. E. 499.

An opportunity to cross-examine is a matter of right, but the latitude and extent of the cross-examination rest largely in the discretion of the trial judge. State v. Foster, 14 N. D. 561.

Latitude and extent of cross-examination rest largely in the trial court's discretion. State v. Longstreth, 121 N. W. 1114.

A witness may be impeached by proof that she is the mother of a bastard mistress prior to her marriage. Exon v. State, 26 S. W. 1088.

An unbroken line of decisions in this state has permitted the cross-examination of a witness as to other crimes when such showing tends to discredit the witness. State v. Keillor, 197 N. W. 860; State v. Gummer, 51 N. D. 445; State v. Fury, 205 N. W. 878.

A statement by the prosecuting attorney that he expected to prove

certain facts, but not followed by proof, is not ground for reversal, if the statement was made in good faith. State v. Meshek, 16 N. W. 143; People v. Fowler, 62 N. W. 572; People v. Swift, 138 N. W. 662.

The supreme court on appeal should not separate paragraphs of the charge from others relating to the same subject, but must read and construe them together as a whole, taking into consideration the character of one part with another, and the relation of separate paragraphs to each other and to the subject, and then determine whether the jury could have been misled by portions, which taken separately state the law incorrectly. State v. Finlayson, 22 N. D. 233; State v. Denny, 17 N. D. 519; State v. Rice, 168 N. W. 369.

BURKE, J.   The defendant was convicted of rape in the second degree at the December 1926 term of court in Ward county, and the defendant appeals from the judgment, and from an order denying a new trial.

On the motion for a new trial the defendant claimed that the court erred in overruling an objection to questions asked by the state, on the cross-examination of Anna Anderson, a witness for the defendant, concerning her relations with the defendant. It was proper for the state, on the cross-examination of this witness to show the personal relations between the witness and the defendant. She was his witness, and, as stated in the case of State v. McGahey, 3 N. D. 293, 55 N. W. 753, "The state has the right to show the relations existing between the witness and the party at whose instance, and presumably in whose interest, she was testifying. It had the right to expose to the jury every motive and desire of the witness that might naturally and reasonably be supposed to produce that bias that would affect the character of her testimony." The purpose of such evidence is to discredit the witness, and it can be used for that purpose only, and there was no error in its admission.

There was a motion to dismiss for want of evidence, a motion to advise a verdict, a claim that the verdict is against the law, and that the evidence is insufficient to support the verdict, all of which is urged as grounds for a new trial. We have read the record carefully, and

are of the opinion, that there is evidence to support the verdict, and that it is not against the law. The motions were properly denied.

The principal ground for reversal on appeal, urged by the defense, is, the misconduct of the assistant attorney general, in the examination of witnesses, and in his argument to the jury. This is the only serious question in the case, but it was not raised in the specification of errors or argued on motion for a new trial, and therefore, it cannot be considered on appeal.

In the case of State v. Glass, 29 N. D. 629, 151 N. W. 229, this court held "that errors of law could not be considered on appeal, unless, they were specified as errors in a motion for a new trial." Also State v. Reilly, 25 N. D. 339, 141 N. W. 720; State v. Empting, 21 N. D. 128, 128 N. W. 1119; State v. Harbour, 27 S. D. 42, 129 N. W. 565. It follows that the judgment must be, and is affirmed.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.