KAUFMAN JEWELRY COMPANY, a Foreign Corporation, Appellant, v. R. B. TORGERSON et al., Th. Torgerson, Respondent.

(221 N. W. 881.)

Opinion filed November 10, 1928.

*Sinness & Duffy,* for appellant.

*Butterwick & Johnson,* for respondent.

Burr, J. This is an appeal from an order denying plaintiff's motion for a new trial. The defendants are father and son. The defendant R. B. Torgerson, the son, defaulted, and the issue between plaintiff and defendant Th. Torgerson was submitted to a jury who returned a verdict in favor of the defendant. On the motion for a new trial the plaintiff's specifications of error were confined entirely to exceptions to the charge. The court denied a new trial, and on the appeal plaintiff, in addition to the specifications of error urged before the trial court, alleges certain rulings of the trial court in the admission of testimony. Appellee claims these additional specifications of error cannot be heard in this court. This position is well taken. It is a settled rule in this court that "where a party moves for a new trial, he must present all grounds which he claims entitle him to a new trial. In other words, he cannot present one ground in the trial court, and another ground in the appellate court." See O'Dell v. Hincy, 49 N. D. 160, 190 N. W. 774. This applies to additional grounds.

The appeal then is considered in the light of the specifications of

error based upon the charge given by the court to the jury. All of these specifications are based upon the contention that the court misunderstood and misconstrued plaintiff's cause of action. The complaint in this case alleges, among other things; that between July 14, 1921 and July 30, 1921 "the plaintiff herein sold and delivered to said defendants, at said defendants' special instance and request, goods, wares and merchandise of the reasonable value and agreed price of two hundred ninety-six dollars and forty-six cents which said sum said defendants did promise and agree to pay at once."

The complaint then alleges that "on or about January 30, 1922, a settlement was had between the plaintiff and defendants and it was agreed that there was due to plaintiff from such defendants the sum of two hundred ninety-six dollars and forty-six cents which amount said defendants did promise and agree to pay." The complaint contains an allegation that the debt is past due and no part has been paid, except the sum of forty-six dollars and forty-six cents. The answer of Th. Torgerson is to the effect that he at no time ordered any goods, wares or merchandise from the plaintiff or that the plaintiff sold or delivered any to him. He denies that he is indebted to the plaintiff in any sum.

He then alleges that "during the summer of 1921—plaintiff—sold certain goods and merchandise to the defendant, R. B. Torgerson, and represented to this defendant that it wanted him to guarantee the payment of goods sold; that this defendant refused to agree to pay for any such goods, and that said plaintiff thereupon represented to this defendant that it wanted him to sign his name on said order but that if he did so sign his name that he would not be required to pay said order and that they wanted his signature in order that it might look better to plaintiff company."

He then alleges that he relied upon such representation and endorsed his name on some instrument but does not know what the instrument was; that he did not sign as principal and alleges that he has received no notice from the plaintiff that it had accepted any guarantee or that it had sold merchandise to R. B. Torgerson relying upon this defendant's signature.

Plaintiff claims the complaint is framed upon the theory of an account stated and it further alleges that the basis of the account stated was the sale to both defendants of certain merchandise. It appears the

foundation of this claim against the answering defendant was an order for goods given by R. B. Torgerson and on this order a certain indorsement appears, purporting to be signed by Th. Torgerson. At the trial of the case, and in the charge to the jury the court went on the theory that the plaintiff was claiming to have sold the goods to both defendants; that later there was a dispute as to the amount due and all parties agreed on a specific amount. However, the evidence sought to be introduced and which was excluded, tended to prove a guarantee of payment on the part of Th. Torgerson. The court in its charge to the jury said:

"The theory upon which this case has been prosecuted in this court is that R. B. Torgerson, as an original purchaser, purchased goods of the Kaufman Jewelry Company, and that Th. Torgerson purchased these goods; that they both purchased them as original purchasers. That is what is pleaded in the pleadings, and it has been tried in this court on that theory, and upon the theory that there was an account stated on the 30th day of January, 1922, between Adrian Buttz, as agent of the Kaufman Jewelry Company, or attorney of the Kaufman Jewelry Company, and Th. Torgerson, at which time Mr. Torgerson admitted that he purchased the goods and that he ought to pay for the same, and he did at that time make a partial payment of $46.46 on said account. Now, they must stand or fall upon that theory. They cannot come in here and prove a guaranty. If they do, it will be your duty to bring in a verdict for the defendant."

Again the court said:

"The theory of the defendant is that these goods were purchased by R. B. Torgerson, the son, as an original purchaser, and that Th. Torgerson had nothing to do with the purchase of these goods, and that he was afterwards induced to sign these orders; that he had informed them that he would not guarantee the purchase of the goods, but was afterwards induced to sign these orders on the representation that he would not be held in any manner for the purchase of the goods, but it would be to make it look better for the company."

Appellant claims that such charge is erroneous and misled the jury, and for a seventh specification says:

"The plaintiff excepts to the instructions as a whole in that they do

not fairly or correctly state the issues involved upon the trial of this action."

An examination of the pleadings shows the court had the correct theory and charged in accordance with the case as presented. That this is the correct theory of the case is borne out by an exhibit introduced in evidence, a letter from the agent who sold the bill of goods. He says in this letter to R. B. Torgerson:

"I sold you a little goods in good faith, in fact your credit had been stopped at the house and have taken it on my own shoulders, as I knew very well that you needed goods if you were going to come out at all. I went as far as to guarantee your account. Therefore I must ask you, or in fact your father, as we have a signed order guaranteeing payment on your account when due, to send us check of payment in full at once, etc."

Clearly then the agent who sold the goods did not consider he had sold to the father but merely had had the father guarantee the account. The plaintiff alleged a sale to Th. Torgerson and did not rely on a guaranteed account. For these reasons stated the judgment of the lower court must be affirmed and it is so ordered.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.