[File No. 5881.]

JOHN ZIMBELMAN, Respondent, v. ALBERT LAH, Appellant.

(237 N. W. 207.)

Opinion filed June 9, 1931.

*Edward S. Johnson* and *Sullivan, Hanley & Sullivan,* for appellant.
*A. T. Nelson,* for respondent.

BIRDZELL, J. This action grows out of a dispute between the plaintiff and the defendant arising out of their relations under a farm contract under which the former was farming a quarter section of land belonging to the latter. The plaintiff had judgment in the district court, entered on the verdict of a jury, and the defendant appeals therefrom and from the order of the trial court denying his motion for judg-

ment notwithstanding the verdict or in the alternative for a new trial. The facts may be briefly stated as follows: In October, 1925, the plaintiff and the defendant entered into a contract for the farming of a quarter section of land for the years 1926, 1927, 1928, 1929 and 1930. Under this contract Lah, the owner of the land, was to furnish the seed and Zimbelman was to farm the land. Lah was to pay half the thresh bill and each was to receive one-half the grain, but title to all was reserved in Lah as security for the full performance of the contract. Zimbelman was to be paid for delivering Lah's share to the elevator at Leith. It was stipulated that in case Zimbelman desired to plant corn he was to pay $2.50 per acre for the land so used and he was to pay $55 per year for the use of the uncultivated land. The contract relations of the parties were terminated in the spring of 1928, and this dispute is concerned principally with the 1927 crop. During the year 1927 the plaintiff raised corn, wheat, barley, flax and speltz. The flax was raised under a special arrangement whereby plaintiff was to have the entire crop for breaking the land and it does not enter into this controversy. There were 613 bushels and 45 pounds of wheat, 138 bushels of barley and 29 bushels of speltz. Twelve acres and a half were planted to corn, for which the defendant was entitled to the cash rental of $31.25. The plaintiff hauled all of the wheat to the elevator and 46 bushels and 45 pounds of barley. The wheat was sold by the defendant for $639.26. The barley was sold by the defendant for $21.58. The remainder of the barley and speltz were left on the farm and used by the plaintiff. The plaintiff was entitled to certain credits for threshing, hauling, hail insurance and a small note in final settlement, these items aggregating $39.62. He was indebted for the 1927 cash rental under the lease. In the spring of 1928 the plaintiff sowed the land to crop, but later the contract between him and the defendant was rescinded and one Osmundson went on the land. It was agreed that the plaintiff should receive $80 for his work in sowing the 1928 crop. To settle this the defendant gave the plaintiff his note for $50, his check for $23.54, and returned to the plaintiff the latter's note for $6.46, and the defendant took Osmundson's note for $80. On account of the wheat the plaintiff was paid $99.15. A number of the other items were disputed. In his complaint the plaintiff charged the defendant with the plaintiff's share of the proceeds of the crop disposed

of and with the failure to pay some small items, as for a share of the thresh bill, hauling and breaking. The defendant entered a general denial and pleaded a full and complete settlement at the termination of the contract in April, 1928.

On appeal the main contentions are that there is no evidence of any conversion of grain by the defendant; that the court erred in instructing the jury as to the measure of damages on the theory of conversion; and that the evidence is insufficient to support the verdict.

We cannot consider the assignment predicated upon error in the instructions to the jury. The record shows that a motion was made in the court below for judgment notwithstanding the verdict or in the alternative for a new trial, but specifications of error were served with the notice of motion and in these specifications the instructions are not complained of. On the other hand, error is predicated upon the rendition of a verdict "contrary to the law and to the instructions given by the court." It is said that the jury rendered its verdict wholly in disregard of the instructions of the court. These assignments presuppose that the instructions were proper and assail the verdict as being contrary thereto. It is well settled that where a motion for a new trial is made in the lower court the party making such motion is limited on the appeal to a review of the grounds presented to the trial court. State v. Glass, 29 N. D. 620, 151 N. W. 229; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999; Cohn v. Wyngarden, 48 N. D. 344, 184 N. W. 575; O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 774; Citizens State Bank v. Geisen, 51 N. D. 863, 200 N. W. 1007; Kaufman Jewelry Co. v. Torgerson, 57 N. D. 321, 221 N. W. 881; 2 R. C. L. 188; 1 R. C. L. Supp. 431. This necessarily limits the review on this appeal of the sufficiency of the evidence to support the verdict.

The jury has found against the contention of the defendant that the settlement made in April, 1928, was a settlement of the entire account between the parties. It must have found that this settlement embraced only the compensation which the plaintiff claimed for putting in the 1928 crop. There is no question but that the defendant sold $440.96 worth of wheat which he did not share with the plaintiff. Neither is there any question that Zimbelman was entitled to be credited with items for threshing, hauling and hail insurance amounting to

something more than $30. He owed a cash rental on account of the uncultivated land of $55 and on account of corn ground $31.25, which would make a net amount due the plaintiff without substantial dispute of approximately $170. The plaintiff claimed that at the time he demanded a division of the wheat it was worth 15 cents more per bushel than the defendant had received for 351 bushels thereof that had been sold by him and not divided. Under the theory on which the case was submitted to the jury and which the appellant is not in position to question in this court, the jury would have been warranted in charging the defendant on the basis of the higher price. If they did so, they could return a verdict under the evidence for the plaintiff as they did for $210.

We cannot weigh the evidence. We can only determine whether there is substantial evidence in the record upon which the verdict of the jury can be based and we must, of course, adopt that view which is most favorable to the party who has received the verdict. It follows that a number of substantial items, which the defendant submitted in his statement as proper charges against the plaintiff, are ignored because the plaintiff in his evidence disputed that he was indebted to the defendant in the manner indicated and gave a reasonable explanation in support of his contentions.

It follows from what has been said that the judgment and order appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BURKE, JJ., concur.