[File No. 5976.]

ISENSEE MOTORS, a Corporation, Appellant, v. NORMAN GODFREY, Myron Godfrey, and Ed. Godfrey, Jr., Respondents.

(238 N. W. 550.)

Opinion filed October 17, 1931.

*Earl H. A. Isensee,* for appellant.
*Emanuel Sgutt,* for respondents.

PER CURIAM. This is an appeal from a judgment entered in favor of the defendants upon a counterclaim in an action in claim and delivery of an automobile. No statement of the case is settled and the record in this court consists of the judgment roll (§§ 7688–7690, Compiled Laws of 1913), supplemented by certain exhibits.

The appellant submits as the principal issues involved in the appeal the instructions given by the trial court to the jury. In addition there are specifications of error predicated upon the failure of the court to instruct upon certain phases of the law governing rescission. Obviously, this court, in the absence of the evidence, cannot determine whether error was committed in failing to instruct upon rescission, for the evidence might have been such as to have wholly removed that issue from the jury's consideration. For an expression of the rule supporting liberal presumptions in favor of the existence of facts to support the action of the trial court, where the evidence is not before the Supreme Court, see Brissman v. Thistlethwaite, 49 N. D. 417, 421, 422, 192 N. W. 85–87.

The record, for reasons which are equally obvious, precludes this court from considering the various assignments of error upon the instructions given. The plaintiff moved for a new trial in the court below and in the motion complained of certain errors of law committed at the trial and specified the insufficiency of the evidence to support the verdict. The only specification concerning error committed in the instructions given was that the court erred in instructing as follows:

"In respect to the counterclaim, it is for the sum of $120 and if the defendants are entitled to recover at all, I think that $120 has not

been disputed as to the amount, but you would first have to find that the plaintiff is not entitled to recover, and then from all the evidence in the case find that the defendants are entitled to recover."

There is an additional assignment relating to the forms of verdict submitted. The assignments of error served with the notice of appeal predicate error on a large portion of the instructions given and are contained in six paragraphs, each embodying a separate instruction. It is a familiar and salutary rule of practice that when a motion for a new trial is made in the trial court such errors of law as are not specified in the motion are deemed waived and that upon an appeal from the order denying the motion or upon an appeal from the judgment only such errors of law will be considered as were submitted in the motion—all others being deemed waived. State v. Glass, 29 N. D. 620, 151 N. W. 229; Jensen v. Clausen, 34 N. D. 637, 159 N. W. 30; Kanable v. Great Northern R. Co. 45 N. D. 619, 178 N. W. 999; Cohn v. Wyngarden, 48 N. D. 344, 184 N. W. 575; Larsen v. Friis, 48 N. D. 507, 185 N. W. 363; O'Dell v. Hiney, 49 N. D. 160, 190 N. W. 774; Ruble v. Jacobson, 51 N. D. 671, 200 N. W. 688; Citizens State Bank v. Geisen, 51 N. D. 863, 200 N. W. 1007; Fargo Loan Agency v. Larson, 53 N. D. 621, 628, 207 N. W. 1003; State v. Krantz, 55 N. D. 683, 215 N. W. 157; Kaufman Jewelry Co. v. Torgerson, 57 N. D. 321, 221 N. W. 881; State v. Fradet, 58 N. D. 282, 225 N. W. 789. In other words, a litigant seeking a new trial is not permitted to seek it upon one ground in the trial court and, failing, attempt to obtain it upon another ground in the appellate court.

Since we have not the evidence before us, we cannot know but that it warranted the giving of the instruction complained of as to the counterclaim. Neither are we in position to determine whether or not the forms of the verdict contained in the instructions offered ample latitude for the determination of the issues under the evidence actually submitted to the jury.

It follows that the only proper disposition of the instant appeal must be an order of affirmance. Such an order will be entered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, NUESSLE and BURR, JJ., concur.